**John FOX, Appellant,**

v.

**Joe WARDY, Mayor, Susan Austin, Jose A. Lozano, John F. Cook, Daniel S. Power, Paul J. Escobar, Vivian Rojas, and Anthony W. Cobos, Appellees.**

No. 08–05–00402–CV.

Court of Appeals of Texas, El Paso.

Jan. 25, 2007.

---

31

John Fox, El Paso, pro se.

John D. Gates, El Paso, for Appellees.

Before CHEW, C.J., McCLURE, and BARAJAS, C.J. (Ret.).

## *OPINION*

ANN CRAWFORD McCLURE,
Justice.

John Fox, appearing *pro se*, appeals from an order dismissing his suit against Joe Wardy, Susan Austin, Jose A. Lozano, John F. Cook, Daniel S. Power, Paul J. Escobar, Vivian Rojas, and Anthony W. Cobos for want of prosecution. Finding no error, we affirm.

## FACTUAL SUMMARY

On December 13, 2004, Fox filed suit alleging that he suffered damages because the Mayor and City Council (Appellees), did not dismiss a condemnation proceeding brought by the City of El Paso against his property. Appellees filed an answer, special exceptions, and a plea to the jurisdiction. On June 2, 2005, the trial court set the case for a status conference hearing on June 9. One day before the hearing, Fox filed a motion to reschedule due to a conflict and the trial court re-set it for July 11. On that date, the trial court set Appellees' motion for summary judgment for hearing on August 11, and set the trial date for September 30. At Appellees' request, the summary judgment hearing was later rescheduled for October 6, and the trial date was moved to October 28. The day before the summary judgment hearing, Fox filed a motion for continuance which the trial court set for hearing on October 13. The court orally granted Fox's motion on October 13 and set the pretrial hearing for October 19. The court asked Fox to prepare and submit the written order on the continuance, but he failed to do so. When Fox failed to appear on October 19 for the final pretrial hearing, the court set the case for dismissal for want of prosecution on October 27. Notice was sent to Fox and counsel for Appellees. The court held the dismissal hearing on the scheduled date but Fox failed to appear. The case was dismissed for want of prosecution on October 27, 2005. The court clerk sent notice of the dismissal to Fox on October 31. On December 5, 2005, thirty-nine days after dismissal, Fox filed notice of appeal and a motion to reinstate.

## DISMISSAL FOR WANT OF PROSECUTION

In his sole issue on appeal, Fox contends that the trial court abused its discretion by dismissing the suit. A trial court's authority to dismiss a case for want of prosecution is derived from two sources: Rule 165a and the court's inherent power to dismiss when the plaintiff fails to prosecute the case with due diligence. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 850 (Tex.2004); *Dick Poe Motors, Inc. v. DaimlerChrysler Corp.*, 169 S.W.3d 478, 484 (Tex.App.-El Paso 2005, no pet.). Rule 165a(1) authorizes dismissal when a party or its counsel fails to appear at a hearing or trial. Tex.R.Civ.P. 165a(1). The record before us establishes that the trial court based the dismissal on both Rule 165a(1) and its inherent power.

The decision to dismiss a case for want of prosecution rests within the sound discretion of the trial court, and can be disturbed on review only if it amounted to a clear abuse of discretion. *See State v. Rotello*, 671 S.W.2d 507, 508–09 (Tex.1984); *Dick Poe Motors*, 169 S.W.3d at 484. A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985); *Dick Poe Motors*, 169 S.W.3d at 484. The appellant bears the burden of producing a record that shows the trial court abused its discretion. *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987).

### Affidavit Attached to Brief

 Before addressing the merits of the dismissal issue, we must consider Appellees' complaint regarding an affidavit attached as an exhibit to Fox's brief. With limited exceptions not relevant here, an appellate court may not consider matters outside the appellate record. *Siefkas v. Siefkas*, 902 S.W.2d 72, 74 (Tex.App.-El Paso 1995, no writ), *citing Sabine Offshore Service v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex.1979). The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. Tex.R.App.P. 34.1. The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex.App.-Dallas 1987, no writ). We will not consider Fox's affidavit.

### Pro Se Litigants

 Citing *Hamilton v. Hamilton*, 42 P.3d 1107 (Alaska 2002) and *Suchta v. O.K. Rubber Welders, Inc.*, 386 P.2d 931 (Wyo. 1963), Fox generally argues that he should be held to a less strict standard because he is not an attorney. In order to prevent unfair advantage over litigants represented by counsel, *pro se* litigants in Texas are held to the same standards as licensed attorneys and are required to comply with applicable laws and procedural rules. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex.2005); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978).

### Rule 165a(1)

 Rule 165a(1) authorizes the trial court to dismiss a case for want of prosecution if any party seeking affirmative relief fails to appear for any hearing of which the party had notice. Tex.R.Civ.P. 165a(1). Notice of the court's intention to dismiss and the date and place of the dismissal hearing must be sent by the clerk to each attorney of record and to each party not represented by counsel. *Id.; see Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999). The requirements of notice and a hearing are necessary to ensure the dismissed claimant has received due process. *Tex. Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 648 (Tex. App.-San Antonio 2002, pet. denied); *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex.App.-Dallas 2001, pet. denied). At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause shown for the case to be maintained on the docket. Tex. R.Civ.P. 165a(1).

 Generally, the failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal. *Villarreal*, 994 S.W.2d at 630. The record contains the notice sent by the trial court to Fox advising him of the date, time and place of the dismissal hearing. Fox did not offer any evidence in the trial court showing that the notice was inadequate or that he did not receive it.

The trial court's findings of fact state that Fox did not appear at the pretrial hearing on October 19 or at the dismissal hearing on October 27. There is no evidence in the record to contradict these findings. Because Fox did not attend the dismissal hearing, he did not establish good cause for the case to be maintained on the docket.

The record does not demonstrate that the trial court abused its discretion by dismissing the suit for want of prosecution pursuant to Rule 165a(1). It is therefore unnecessary to address whether the trial court properly dismissed the suit pursuant to its inherent power. We overrule the

sole issue raised on appeal and affirm the judgment of the trial court.

BARAJAS, C.J. (Ret.), sitting by assignment.