In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00069-CV


______________________________



 DOUGLAS A. DUNN, Appellant



V.



TDCJ-ID, ET AL., Appellees




 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. 03-C-1588-102




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 In 2003, Douglas A. Dunn sued several officials of the Texas Department of Criminal Justice
for confiscating items found inside a storage container located in Dunn's prison cell during what
Dunn described as an illegal search that had occurred earlier that year. As a result of the items found
during the search, prison officials elevated Dunn's security classification, which in turn required
Dunn to be housed in a different prison facility, caused him to lose the job he had at his old prison,
led to Dunn being placed on cell and commissary restrictions, and caused Dunn to lose class credit
and good time credit. Dunn's lawsuit was filed pro se, in forma pauperis. 

 On May 14, 2007, the trial court dismissed Dunn's civil lawsuit. Dunn now appeals, raising
four issues: (1) the trial court erred by concluding Dunn failed to state a cause of action under 42
U.S.C. § 1983, (2) the trial court erred by concluding Dunn failed to state a cause of action under the
Texas Tort Claims Act, (3) the trial court denied Dunn due process by dismissing his lawsuit, and
(4) the trial court abused its discretion by not allowing Dunn's case to proceed to trial during the
twenty-four months between the date Dunn filed his original petition and the date the trial court
dismissed Dunn's lawsuit. Regardless of Dunn's characterization of his appellate issues, each of
those points of error ultimately turns on whether Dunn had a reasonable expectation of privacy in
the storage container that was located within his prison cell. If, to paraphrase Chief Justice Warren
Burger, our American society is prepared to recognize that an inmate has a "justifiable" expectation
of privacy in a storage container located inside the inmate's cell, then Texas prison guards should not
be allowed to trample that inmate's expectation of privacy as secured by the Fourth Amendment. 
If, on the other hand, our American society believes a prisoner has no reasonable, legitimate, or
justifiable expectation of privacy in a smaller storage container within that inmate's prison cell, then
a search of that storage container by Texas prison officials does not trigger the Fourth Amendment's
protections against unreasonable search and seizure. See Hudson v. Palmer, 468 U.S. 517, 525
(1984). Under this latter scenario, Dunn's allegations--even if taken as true--would not be
actionable and could not be said to subject the named defendants to liability, requiring the trial court
to grant the defendants' motion to dismiss Dunn's lawsuit for failing to state a viable cause of action.

 In Hudson, a majority of the United States Supreme Court wrote that "society is not prepared
to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his
prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches
does not apply within the confines of the prison cell." 468 U.S. at 526. The Court continued by
writing,

The recognition of privacy rights for prisoners in their individual cells simply cannot
be reconciled with the concept of incarceration and the needs and objectives of penal
institutions.


 Prisons, by definition, are places of involuntary confinement of persons who
have demonstrated a proclivity for antisocial criminal, and often violent, conduct. 
Inmates have necessarily shown a lapse in ability to control and conform their
behavior to the legitimate standards of society by the normal impulses of self-restraint; they have shown an inability to regulate their conduct in a way that reflects
either a respect for law or an appreciation of the rights of others. . . .


 The administration of a prison, we have said, is "at best an extraordinarily
difficult undertaking." But it would be literally impossible to accomplish the prison
objectives . . . if inmates retained a right of privacy in their cells. Virtually the only
places inmates can conceal weapons, drugs, and other contraband is in their cells. 
Unfettered access to these cells by prison officials, thus, is imperative if drugs and
contraband are to be ferreted out and sanitary surroundings are to be maintained.


Id. at 526-57 (citations omitted). Additionally, the United States Supreme Court has recognized that
a "shake down" search of an inmate's cell does not violate the Fourth Amendment. Block v.
Rutherford, 468 U.S. 576, 589-91 (1984) (prison officials, not the courts, should be empowered to
make the difficult judgments that reconcile conflicting claims affecting prison security and inmate
welfare, including when and how cell searches should occur). A proper search of a prison cell may
include searching the inmate's legal materials. Mitchell v. Dupnik, 75 F.3d 517, 523 (9th Cir. 1996).

 If our American society does not believe an inmate has a justifiable expectation of privacy
within a prison cell, then it follows that our society does not believe an inmate has a justifiable
expectation of privacy within a storage container located somewhere within that same prison cell. 
To hold otherwise would defeat the rationale for prohibiting prisoners from successfully claiming
a Fourth Amendment right against searches of prison cells by prison officials. Such an exception
would allow every inmate to secrete drugs, weapons, and other contraband in a special "Fourth
Amendment" storage container located inside the cell, thereby thwarting prison officials' efforts to
prevent drugs, weapons, and other contraband from being introduced into and distributed throughout
penal institutions. In essence, the exception would swallow the rule, making the latter meaningless.

 We do not believe our society is prepared to recognize as "justifiable" the general Fourth
Amendment interest now asserted by Dunn, nor do we find the reasonableness of the expectation of
privacy by a prisoner in any contents of a prison cell necessarily outweighs the various needs of
prison officials in carrying out their efforts to provide safe, sanitary, and drug-free prisons. Nor has
Dunn directed this Court's attention to either (1) evidence in the appellate record about an official
policy of the Texas Department of Criminal Justice (1) that affords inmates additional search and
seizure protections beyond the Fourth Amendment or (2) a law or policy of this State that affords
a prisoner greater protection from search and seizures of an inmate's belongings by prison guards
than might otherwise be provided by the Fourth Amendment. Therefore, because an inmate has no
justifiable expectation of privacy in a storage container located within a prison cell, it follows that
Dunn cannot successfully argue prison officials violated his Fourth Amendment privacy interests by
searching his prison cell. Cf. Busby v. Dretke, 359 F.3d 708, 715-16 (5th Cir. 2004) (citing Stroud
v. United States, 251 U.S. 15 (1919), for proposition that jailers may read inmates' private mail
without violating Fourth Amendment); Monroe v. Beard, No. 05-04937, 2007 U.S. Dist. LEXIS
16943, at *30 (E.D. Pa. Mar. 8, 2007) (inmates cannot claim any violation of Fourth Amendment
rights because inmates lost their legitimate expectation of privacy in prison cells on conviction);
Soria v. State, 933 S.W.2d 46, 59-60 (Tex. Crim. App. 1996) ("It was not unreasonable for jail
officials to conclude [inmate's] drawing at issue disserved legitimate institutional interests."). Thus,
Dunn cannot successfully maintain a cause of action against prison officials for conduct that turns
on his claim of a reasonable expectation of privacy in the contents of his prison cell, or any storage
container located therein.

 In summary, Dunn's civil petition did not advance a valid cause of action against the
defendants.  The  trial  court's  order  of  dismissal  reflects  the  lower  court  properly  recognized 











this principle in law and fact. Accordingly, we overrule Dunn's appellate issues and affirm the trial
court's judgment. (2)




 Jack Carter

 Justice


Date Submitted: December 5, 2007

Date Decided: January 11, 2008
1. Dunn attached to his appellate brief a document titled "Offender Instructions for Subsequent
Storage Review." Dunn contends these documents outline a policy issued by the warden of his
former prison, a policy that affords him greater protection against an illegal search and seizure than
might otherwise be provided by the Fourth Amendment. These "Offender Instructions" were not
made part of the record of the proceedings below and may not be considered by this Court on appeal. 
Fox v. Wardy, 234 S.W.3d 30, 33 (Tex. App.--El Paso 2007, pet. dism'd w.o.j.) (citing Nguyen v.
Intertex, Inc., 93 S.W.3d 288, 293 (Tex. App.--Houston [14th Dist.] 2002, no pet.); Perry v. Kroger
Stores, Store No. 119, 741 S.W.2d 533, 534 (Tex. App.--Dallas 1987, no writ)). Additionally, even
if we were to assume such documents to be authentic, they do not purport to outline any official
policy adopted by the Texas Department of Criminal Justice that would entitle inmates to a greater
degree of protection from search and seizure by prison officials than that already afforded by the
Fourth Amendment.
2. Our opinion today should not be read to espouse the view that inmates have no constitutional
interest in their legal correspondence materials. Such an assertion is affirmatively refuted by our
Fourteenth Amendment's jurisprudence as it relates to an inmate's constitutional right to access the
courts, as guaranteed by the First and Fifth Amendments, and made applicable to the states by the
Fourteenth Amendment. See Bieregu v. Reno, 59 F.3d 1445, 1453-454 (3d Cir. 1995). If state
prison officials maintain a constant practice of searching and destroying an inmate's legal materials,
such conduct might be actionable as a denial of the prisoner's right to reasonable access to the courts. 
Gill v. Neaves, No. SA-82-CA-583, 1986 U.S. Dist. LEXIS 21879, at *13-14 (W.D. Tex. Aug. 5,
1986). However, a single search of an inmate's legal materials and the destruction of some of those
materials would generally not violate a prisoner's right to court access. Id. Regardless, Dunn does
not assert that the single search of his storage compartment, which he alleges contained legal
material, constituted part of a larger pattern of conduct or that he has somehow been denied
reasonable access to the courts.