**AFFIRM; and Opinion Filed April 18, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-17-00227-CV**

**GILBERTO HERNANDEZ, Appellant**

**V.**

**DALLAS INDEPENDENT SCHOOL DISTRICT, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-14438**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

Pro se appellant Gilberto Hernandez appeals the trial court's order dismissing his claims under the Texas Whistleblower Act.[1] In three issues, Hernandez contends the trial court erred in granting appellee Dallas Independent School District's plea to the jurisdiction, denying him due process rights under the United States Constitution, and "dismissing all of [his] Whistleblower claims because the claims were tolled while pending in Federal Court pursuant to 28 U.S.C. 1367(d)." For the following reasons, we affirm the trial court's order granting DISD's plea to the jurisdiction and dismissing Hernandez's claims with prejudice.

---

[1] TEX. GOV'T CODE ANN. §§ 554.001-.010 (West 2012).

BACKGROUND

DISD employed Hernandez as a teacher for approximately sixteen years. During the 2013-2014 school year, Hernandez taught first grade at Gilbert Cuellar Sr. Elementary School under a one-year contract. Dr. Sheryl Wilson, Cuellar Elementary principal, recommended to the DISD superintendent that Hernandez's employment contract be non-renewed for performance reasons. The superintendent then recommended Hernandez's employment contract be non-renewed to the DISD board of trustees, and the board voted to accept that recommendation. DISD served Hernandez with a proposed notice of non-renewal letter, and Hernandez appealed and requested a hearing before an independent hearing examiner appointed by the Texas Education Agency (TEA). Following a three-day evidentiary hearing, the examiner issued a recommendation that the DISD board sustain the recommendation not to renew Hernandez's contract. A DISD board subcommittee subsequently considered the examiner's recommendation and voted unanimously to adopt and approve the recommendation and to non-renew Hernandez's employment contract.

Prior to his contract's non-renewal, Hernandez sued DISD, DISD executive director Jacqueline Lovelace, and Wilson in federal district court alleging age discrimination, sex discrimination, denial of his Fourteenth Amendment rights to equal protection and due process, and retaliation under the Texas Whistleblower Act for reports he filed with the TEA, DISD Office of Professional Responsibility (OPR), and Child Protective Services (CPS). Hernandez filed first and second amended pleadings in the federal suit, but he did not amend his complaint to add a wrongful termination claim after the DISD board subcommittee non-renewed his employment contract. DISD filed a motion to dismiss, which the district court granted in part, holding all causes of action other than portions of the whistleblower claim were fatally flawed.[2] The district court

---

[2] The district court dismissed portions of Hernandez's whistleblower claim with prejudice because Hernandez failed to plead any potential legal violation with respect to several of the reports.

granted Hernandez limited leave to amend those portions of his whistleblower claim. Hernandez filed a third amended complaint, alleging for the first time that DISD terminated him because he filed whistleblower complaints against DISD, Wilson and other DISD staff. The district court subsequently issued an order declining to exercise supplemental jurisdiction over Hernandez's remaining whistleblower claim.

Thereafter, Hernandez filed a petition in the trial court against DISD under the Texas Whistleblower Act. His petition alleges DISD "took adverse personnel action, ultimately including non-renewing his contract and terminating him, because of his federal lawsuit and "reports to CPS and DISD CHILD ABUSE OFFICE on 1/17/14, 3/31/14, Plaintiff's letter to the TEA dated January 12, 2014, and his letter to DISD Board Members dated 2/15/14." The petition also lists several other reports that Hernandez alleged DISD "used to retaliate and wrongfully terminate" him and references five additional attached reports. In all, Hernandez's petition references seventeen alleged reports.

DISD filed a plea to the jurisdiction, challenging both the pleadings and the existence of evidence to support subject-matter jurisdiction because the alleged whistleblower reports did not constitute good faith reports of a violation of law to an appropriate law enforcement authority.[3] Following a hearing, the trial court entered an order granting DISD's plea to the jurisdiction and dismissing Hernandez's claims with prejudice.

IMPROPER BRIEFING

A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Strange v. Cont'l Cas. Co*., 126 S.W.3d 676, 677-78 (Tex. App.—Dallas 2004, pet. denied). And, as at trial, a pro se appellant must properly present his case

---

[3] DISD also moved for summary judgment on its statute of limitations and res judicata affirmative defenses, but the trial court never ruled on the motion.

on appeal. *Id*. at 678. The rules of appellate procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). An appellant waives error if he does not provide appropriate citation to authority or the record. *Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 237 (Tex. App.—Dallas 2000, pet. denied).

Hernandez filed a brief that was not in compliance with the rules of appellate procedure. By letter, we notified him the brief was deficient and instructed him to file an amended brief correcting the noted deficiencies, which included a lack of references to the record. Hernandez filed a corrected brief, but it also did not include record references. Instead, the brief cited to a collection of documents attached as exhibits. These documents, which were not copied from the clerk's record, are not part of the official appellate record and cannot be considered. *See Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.); see TEX. R. APP. P. 34.1. The clerk's record is three volumes and just under 1,500 pages. As appellant, Hernandez has the burden to show reversible error, and this Court has no responsibility to search a voluminous record for facts that may be favorable to his position. *Bolling*, 315 S.W.3d at 895; *Finlan*, 27 S.W.3d at 237. Because Hernandez's brief is unsupported by appropriate citations to the record, he has preserved nothing for our review. *See Finlan*, 27 S.W.3d at 237. Nevertheless, we will consider his issues individually to the extent possible.

APPLICABLE LAW

State subdivisions, including independent school districts, are immune from suit unless the state waives that immunity. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012); *Mullins v. Dallas Indep. Sch. Dist.*, 357 S.W.3d 182, 185-86 (Tex. App.—Dallas 2012, pet. denied). The Texas Whistleblower Act waives immunity, but only when the plaintiff

–4–

states a claim for conduct that actually violated the Act. *See* TEX. GOV'T CODE ANN. § 554.0035; *State v. Lueck*, 290 S.W.3d 876, 879-80, 882 (Tex. 2009). The Act prohibits a governmental entity from terminating or taking any adverse employment action against an employee who, in good faith, reports a violation of law by the entity or a public employee to an appropriate law enforcement authority. TEX. GOV'T CODE ANN. § 554.002(a); *Montgomery Cty. v. Park*, 246 S.W.3d 610, 612 (Tex. 2007). The statutory prerequisites to a claim are jurisdictional requirements; thus, immunity is not waived for a claim unless it involves a report alleging a violation of law *and* the report is made to someone who is an appropriate law enforcement authority. *Lueck*, 290 S.W.3d at 882-84 (emphasis added); TEX. GOV'T CODE ANN. § 554.002(a). Where, as here, a plaintiff alleges multiple reports in support of his whistleblower claim, each report must be evaluated to determine if the complained-of conduct constitutes a violation of actual law and if the report was made to an appropriate law enforcement authority. *See City of Elsa v. Gonzalez*, 325 S.W.3d 622, 626 (Tex. 2010) (examining multiple reports to see if any one of them met jurisdictional requirements); *Moore v. City of Wylie*, 319 S.W.3d 778, 784 (Tex. App.—El Paso 2010, no pet.) (same).

A defendant may assert immunity from suit through a plea to the jurisdiction, which "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, No. 16-0244, 2018 WL 1692367, at *7 (Tex. Apr. 6, 2018). If the plea challenges the pleadings, we determine whether the plaintiff alleged facts affirmatively demonstrating subject-matter jurisdiction. *Id*. We look to the pleader's intent, construe the pleadings liberally in favor of jurisdiction, and accept the allegations in the pleadings as true. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). If the plea challenges jurisdictional facts with supporting evidence, the standard of review is like that of a traditional summary judgment. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-28 (Tex. 2004). We also consider the evidence

submitted by the parties to resolve the jurisdictional inquiry. *Id*. at 227-28. The plaintiff must raise a genuine issue of material fact to overcome the challenge to the trial court's subject-matter jurisdiction and avoid dismissal. *Id*. at 221. In determining whether a material fact issue exists, we must take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor. *Id*. at 228.

In his first issue, Hernandez contends the trial court erred in granting the plea to the jurisdiction without first allowing him the opportunity to amend his pleading. To establish subject-matter jurisdiction, Hernandez was required to plead facts affirmatively demonstrating the elements of a Texas Whistleblower Act violation. *See Lueck*, 290 S.W.3d at 882. DISD's plea to the jurisdiction challenged both Hernandez's pleadings and the existence of jurisdictional facts with respect to each of the seventeen alleged whistleblower reports, and DISD submitted evidence with its plea to show there was no subject-matter jurisdiction as a matter of law. In response to DISD's plea, Hernandez had the burden to produce "more than a scintilla of evidence showing he reported a violation of an existing law, or what he believed in good faith to be a violation of an existing law, to an appropriate law enforcement authority." *See Mullins*, 357 S.W.3d at 188. Hernandez's brief, however, does not cite any record evidence in support of subject-matter jurisdiction. Indeed, under the first issue, the brief does not even address his alleged whistleblower reports or whether any of his reports met the jurisdictional requirement.[4] Nor does the brief raise any specific complaint about either the evidence or legal authority cited by DISD to show a lack

---

[4] Hernandez provides substantial detail regarding his complaints against DISD and refers to some of the whistleblower reports he alleges in his petition under the third issue in his brief. He asserts he "had a good faith belief that the reports in his 3rd Amended Complaint did constitute reports of violations of law to appropriate law enforcement authorities [such] as Child Protective Services (CPS), **(CR Appx. Exhibit 11, 12, 13, 14, & 15)** [TEA], **(CR Appx. Exhibit 16)** State Board for Educators Certification, (SBEC), **(CR Appx. Exhibit 17)** and the Office of Professional Responsibility (OPR), **(CR Appx. Exhibit 19, pages 1-8)**." The brief also recites that Hernandez believed in good faith that he followed DISD protocol and his training as a teacher to file reports with CPS, OPR, and DISD's Child Abuse Office. He also believed, along with "all the teachers," his union lawyer and a union representative, that OPR could regulate and enforce "whistleblower complaints." The brief recites his "3rd Amended Complaint dealt with violations of law in Chapter 89 [that the TEA] "is/was a law enforcement authority with authority to regulate and enforce whistleblower violations . . . **(CR Appx. Exhibit 23, pages 1-6 & Exhibit 7, p. 1)**". Nowhere in his brief, however, does Hernandez direct us to where in his petition he alleged facts to affirmatively demonstrate he reported one or more violations of an existing law, or what he believed in good faith to be a violation of an existing law, to an appropriate law enforcement authority. Nor does he cite any record evidence to raise a fact issue on subject-matter jurisdiction.

of subject-matter jurisdiction. Under these circumstances, we must conclude the trial court did not err in dismissing Hernandez's claims without allowing him an opportunity to amend his pleadings. *See, e.g., Finlan*, 27 S.W.3d at 237. Accordingly, we overrule Hernandez's first issue.

In his second issue, Hernandez alleges the trial court denied his due process rights under the United States Constitution by dismissing with prejudice federal constitutional claims for "wrongful termination, defamatory recommendation that caused other school districts not to hire him, and loss of benefits for early retirement under the Older Workers Benefit Protection Act." Hernandez's petition, however, contains only a single state-law cause of action under the Texas Whistleblower Act. Because Hernandez did not plead any federal constitutional or statutory theory of recovery, the trial court could not have possibly deprived him of any alleged federal due process right in dismissing such a claim. *See Hartford Fire Ins. Co. v. C. Springs 200, Ltd.*, 287 S.W.3d 771, 779 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (trial court cannot enter judgment on a theory of recovery not sufficiently set forth in the pleadings or otherwise tried by consent). Accordingly, we overrule Hernandez's second issue.

In his third issue, Hernandez complains the trial court abused its discretion "by not following the specified procedures of the law, pursuant to 28 U.S.C. § 1367(d)." He alleges the trial court erred in dismissing his "Whistleblower claims because the claims were tolled while pending in Federal Court under U.S.C. 1367(d)." Section 1367(d) provides that, if a federal district court dismisses a claim over which it had supplemental jurisdiction, the period of limitations for that claim is tolled while the claim is pending in the district court and for a 30-day period after the claim's dismissal unless state law provides for a longer tolling period. *See* 28 USC § 1367(d) (1990). Because the trial court disposed of Hernandez's claim by granting DISD's plea to the jurisdiction, and not on the basis of limitations, section 1367(d) is not applicable. Therefore, we overrule Hernandez's third issue.

We affirm the trial court's order granting DISD's plea to the jurisdiction.



/Ada Brown/
ADA BROWN
JUSTICE


170227F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GILBERTO HERNANDEZ, Appellant

No. 05-17-00227-CV     V.

DALLAS INDEPENDENT SCHOOL
DISTRICT, Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-14438.
Opinion delivered by Justice Brown;
Justices Lang and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DALLAS INDEPENDENT SCHOOL DISTRICT recover its costs of this appeal from appellant GILBERTO HERNANDEZ.

Judgment entered this 18th day of April, 2018.