COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



EDITH ROMAN AND ALEJANDRO
HERNANDEZ,

§

§

Appellants,

§

v.

§

JOY HALVERSON,

§

Appellee.

§

§

No. 08-17-00241-CV

Appeal from the

205th District Court

of El Paso County, Texas

(TC# 2016DCV1580)

## O P I N I O N

Appellants Edith Roman and Alejandro Hernandez appeal the trial court's decision dismissing their lawsuit for failure to diligently prosecute. Appellants raise two contentions on appeal: (1) the trial court abused its discretion in dismissing their case because they were not given notice of the potential dismissal and the court did not hold a separate hearing before dismissing the case; and (2) the trial court abused its discretion in failing to hold a hearing on their motion to reinstate the case. We affirm.

### BACKGROUND

Appellants Edith Roman and Alejandro Hernandez filed suit against Appellee Joy Halverson for common-law fraud and negligent misrepresentation regarding the sale of designer shoes. Roman alleged she had given Halverson, who owns a consignment store, several pairs of

designer shoes to sell in Halverson's store. Roman alleged Halverson severely undervalued the shoes and sold several pairs without her consent for hundreds of dollars less than they were supposedly worth. Roman demanded Halverson compensate her according to what she argued was the true value of the items. When Halverson refused, Roman and Hernandez initiated this lawsuit.[1]

The case was set for a status hearing on April 13, 2017. But Appellants failed to appear. Due to their absence at the hearing, the trial court dismissed the case. Appellants subsequently filed a motion to reinstate, and the court granted their motion. The case was reinstated on May 23, 2017 and a "motion" hearing was set for August 23, 2017 at 10:00 a.m., to be followed by a mandatory conference at 11:00 a.m. But Appellants missed this hearing too. The court stated on record that because Appellants had once again failed to appear for their hearing, it would be dismissing the case for want of prosecution.

Once again, Appellants filed a motion to reinstate. In their motion, they alleged they had not intentionally missed the hearing but had encountered bad traffic on the way to the courthouse. They also alleged Hernandez called the court coordinator at 10:15 a.m. to explain their tardiness but were informed the case had already been dismissed. A hearing was set for November 30, 2017 on the motion to reinstate. But on November 21, Appellants filed a notice of appeal. Appellants allege they showed up for the November 30 hearing, but the trial court refused to hear their motion to reinstate because of their notice of appeal. This appeal followed.

## DISCUSSION

### Dismissal for Want of Prosecution

---

[1] It is unclear from the pleadings what Hernandez's interest was in the lawsuit, but it is unnecessary to our resolution of the appeal.

In their first issue, Appellants contend the trial court abused its discretion in dismissing their case for want of prosecution. They allege the court violated their right to due process by failing to give them notice and an opportunity to be heard on the dismissal.

## *Standard of Review*

We review a trial court's decision to dismiss a case for want of prosecution for clear abuse of discretion. *State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984)(*citing Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85, 87 (1957)); *Fox v. Wardy*, 234 S.W.3d 30, 32 (Tex.App.—El Paso 2007, pet. dism'd w.o.j.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules or principles. *Fox*, 234 S.W.3d at 32. The burden is on the appellant to produce a record that shows the trial court abused its discretion. *Id.*, (*citing Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987)).

## *Applicable Law*

Rule 165a of the Texas Rules of Civil Procedure gives the trial court the authority to dismiss a case for want of prosecution on the failure of any party seeking affirmative relief to appear for any hearing of which the party had notice. TEX.R.CIV.P. 165a(1). The trial court also has the inherent authority under the common law to dismiss the case when a party fails to prosecute his case with due diligence. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). To ensure a claimant receives due process, notice of the court's intention to dismiss and the date and place of the dismissal hearing must be sent to each attorney of record and each party not represented by counsel. TEX.R.CIV.P. 165a(1); *Fox*, 234 S.W.3d at 33. Failure to provide adequate notice of the trial court's intent to dismiss generally requires reversal. *Fox*, 234 S.W.3d at 33 (*citing Villarreal*, 994 S.W.2d at 630).

3

*Analysis*

Here, Appellants acknowledge their case was dismissed for failure to appear at a scheduled hearing but contend they never received notice of the trial court's *intent to dismiss* the case. Appellant's complaint does not allege they failed to get notice of the actual hearing, rather the notice did not adequately apprise them of the trial court's intent to dismiss the case. They also assert they were not provided an opportunity to be heard because a separate hearing was not held on the issue of dismissal. Because of these omissions, they contend, the trial court abused its discretion when it dismissed their case.

Appellants, however, fail to address the trial court's order setting a "motion" hearing for August 23, 2017.[2] The order, which noted the hearing would take place on August 23, 2017 at 10:00 a.m., included the following notation in bold typeface:

> If you do not appear in court on the day of your hearing, this case will be Dismissed for Want of Prosecution, pursuant to Tex. R. Civ. P. 165a, or pursuant to the Court's inherent power.

This notation in the trial court's order was sufficient to satisfy due process because it gave Appellants notice of the trial court's intent to dismiss the case and an opportunity to be heard. *See* TEX.R.CIV.P. 165a(1)(notice of the court's intention to dismiss and the date and place of the dismissal hearing are required to dismiss for want of prosecution). This is true even though the hearing was to consider matters other than just dismissal for want of prosecution. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 852 (Tex. 2004)("Rule 165a(1) does not preclude a trial court from scheduling a pre-trial hearing, giving notice that failure to attend that hearing may result

---

[2] As Appellee correctly points out, Appellants neglected to include this document in the clerk's record provided to this Court. On our own motion, a supplemental clerk's record was ordered containing the document. The August 23, 2017 order was filed with the district clerk on October 23, 2019.

in dismissal for want of prosecution, and also deciding at that hearing whether the case should be dismissed for want of prosecution if a party seeking relief fails to attend."). Accordingly, Appellants' first issue is overruled.

## Failure to Reinstate

In their second issue, Appellants argue the trial court abused its discretion in failing to reinstate their case a second time. Specifically, they contend the trial court's reason for refusing to hear their reinstatement motion—because they had filed a notice of appeal prior to the scheduled hearing—was arbitrary and made without reference to guiding principles. They also assert reinstatement is mandatory when a party provides a reasonable explanation for a failure to appear, and they provided a reasonable explanation for missing the August 23 hearing.

### *Standard of Review*

We review challenges to a trial court's order denying a motion to reinstate for abuse of discretion. *Smith v. Babcock & Wilcox Const. Co., Inc.*, 913 S.W.2d 467, 468 (Tex. 1995). As noted above, a trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules or principles. *Fox*, 234 S.W.3d at 32.

### *Applicable Law*

Texas Rules of Civil Procedure 165a(3) provides that a dismissed party may file a motion to reinstate his case within thirty days after the order of dismissal is signed. TEX.R.CIV.P. 165a(3). When a motion to reinstate is filed, the trial court must set a hearing on the motion as soon as is practicable. TEX.R.CIV.P. 165a(3). The rule is mandatory, and a trial court has no discretion about whether to set a hearing on the motion. *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991). When a party gives a reasonable explanation for failing to appear, the court

5

must reinstate the case. *Dalmex, Ltd. v. Apparel Enterprises, Inc.*, 455 S.W.3d 241, 244 (Tex.App.—El Paso 2015, not pet.). Some excuse, but not necessarily a good excuse, is enough to show a lack of conscious indifference in failing to appear. *Id*., (*citing Whitworth v. Blumenthal*, 59 S.W.3d 393, 401 (Tex.App.—Dallas 2001, pet. dism'd by agr.).

*Analysis*

Here, Appellants jointly filed their motion to reinstate on September 21, 2017. And the trial court scheduled a hearing on their motion to reinstate, setting it for November 30, 2017. Before that hearing took place, Appellants filed a notice of appeal on November 21, 2017. Appellants assert they arrived for the November 30 hearing on the motion to reinstate but the trial court refused to hear the motion because they had filed a notice of appeal. There is nothing in the record, however, to support Appellants' assertions that they attended the hearing scheduled for November 30 or that the trial court refused to hear their motion; the record only shows that Appellants filed a motion to reinstate and that the trial court set their motion for November 30, 2017. The burden is on the appellant to produce a record that shows the trial court abused its discretion. *Fox*, 234 S.W.3d at 32. Because Appellants' allegations are unsupported by the record, they have failed to show an abuse of discretion.

The same is true for Appellants' contention that they had a reasonable explanation for missing the August 23 hearing. Appellants assert they were stuck in traffic due to construction on the day of the hearing and that they called the court coordinator fifteen minutes after the scheduled hearing to notify the court they were running late. None of their assertions, however, are supported by the record. Accordingly, their claims will not support a finding of abuse of discretion.

Finally, Appellants reassert in their second issue that they diligently prosecuted their case and the trial court abused its discretion in dismissing their case for failing to attend the August 23 hearing. They assert they were active in prosecuting their case, pointing out that "significant" discovery had occurred, that they had filed motions, and that they were in general actively participating in the case. They acknowledge they failed to appear at two hearings and failed to request a trial date in the fifteen months the case had been on the court's docket, but contend their other actions show diligent prosecution. As already discussed above, we review a trial court's decision to dismiss a case for failure to diligently prosecute for clear abuse of discretion. *Rotello*, 671 S.W.2d at 509. Appellants have failed to make that showing. The trial court stated it was dismissing their case for failing to appear—for a second time—at a scheduled hearing. It is within the trial court's discretion to dismiss a case for a party's failure to appear at a scheduled hearing. *See Villarreal*, 994 S.W.2d at 630 (discussing the trial court's inherent authority under the common law to dismiss a case when a party fails to prosecute his case with due diligence). Thus, this argument fails as well.

Accordingly, Appellants have failed to show the trial court abused its discretion in dismissing their case and refusing to reinstate it after dismissal. Issue Two is overruled.

## CONCLUSION

Having overruled Issues One and Two, the judgment of the trial court is affirmed.


November 4, 2019

YVONNE T. RODRIGUEZ, Justice

Before Rodriguez, J., Palafox, J., and McClure, Senior Judge
McClure, Senior Judge (Sitting by Assignment)

7