NO. 07-03-0189-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 5, 2006

______________________________

JAMES GUEST AND ANITA GUEST, APPELLANTS

V.

AUSTIN L. DIXON, M.D., APPELLEE

_________________________________

FROM THE 
287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 6913; HONORABLE JOHN T. FORBIS, JUDGE

_______________________________

Before JOHNSON, C.J.
(footnote: 1), and REAVIS and CAMPBELL, JJ.

OPINION

ON REMAND FROM THE SUPREME COURT OF TEXAS

On remand from the Supreme Court, this Court has been directed to consider the arguments raised by appellant Anita Guest in her challenge to the trial court’s order dismissing the medical malpractice action filed in 1995 by her and James Guest.
(footnote: 2)  She presents two issues maintaining the trial court erred in (1) dismissing the case for want of prosecution, and (2) refusing to apply the “conscious indifferent” [sic] standard in resolving the motion to dismiss for want of prosecution.  We affirm.  

On August 30, 1995, the Guests, represented by Michael Y. Saunders, partner in a law firm, filed suit against Austin L. Dixon, M.D. and other defendants seeking to recover damages for medical malpractice.  Following nonsuits as to the other defendants, Dixon remained the sole defendant.  On July 24, 2002, pursuant to Rule 165a of the Texas Rules of Civil Procedure, Dixon filed a motion to dismiss for want of prosecution alleging the case had not been prosecuted with due diligence.  Guest responded five months later on December 27, 2002.  Following a hearing on January 25, 2003, the trial court granted Dixon’s motion finding that Guest had failed to prosecute the suit with due diligence.

On February 26, 2003, Guest filed a motion to reinstate her action per Rule 165a(3). She was represented by a different attorney in the same firm as Saunders’s firm, in addition to an attorney from another firm.  Following a hearing, the trial court denied the motion to reinstate.

Standard of Review

We review an order of dismissal for want of prosecution under a clear abuse of discretion standard.  MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997).  
See also
 Veterans Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976).  The determination of facts is committed to the discretion of the trial court.  Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).  The test is not whether, in our opinion, the record presents an appropriate case for the order of the trial court, but “whether the court acted without reference to any guiding rules and principles.”  CIRE v. Cummings, 134 S.W.3d 835, 839 (Tex. 2004). Further, the order of the trial court may be reversed only if it was arbitrary or unreasonable.  
Id
.  Moreover, because the order of dismissal recites that the case is “dismissed for want of prosecution,” we will review the order based on the inherent power of a trial court to dismiss a case that has not been prosecuted with due diligence.  Rampart Capital Corp. v. Maguire, 974 S.W.2d 195, 197 (Tex.App.–San Antonio 1998), 
pet. denied
, 1 S.W.3d 107 (Tex. 1999).

By her first issue, Guest contends the trial court erred in dismissing the case for want of prosecution because it is undisputed
(footnote: 3) that: (a) she pursued a trial setting for the three years prior to the time the court determined that a lack of diligence arose; and (b) the case was, for more than fifteen months, without a trial judge due to three separate recusals or retirements.  We disagree.

The trial court has the inherent power to dismiss a suit for failure to prosecute with due diligence, and the determination rests within the sound discretion of the trial court.  Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85, 87 (1957).  In considering the motion to dismiss, the trial court was entitled to consider the entire history of the case, and its scope of review was not limited to the two factors as suggested by Guest.  
See
 State v. Rotello, 671 S.W.2d 507, 509 (Tex. 1984). 
 See also
 F. D. I. C. v. Kendrick, 897 S.W.2d 476, 479 (Tex.App.--Amarillo 1995, no writ).  The burden of proof for abuse of discretion rests with Guest because of the presumption that the trial court’s action was justified. 
 See 
Manning v. North, 82 S.W.3d 706, 709 (Tex.App.--Amarillo 2002, no pet.).

Guest resolved her claims against all other defendants within approximately three years from the time suit was filed. By letter of June 29, 1998, Guest requested a trial setting for February 1999,
(footnote: 4) however, prosecution of the suit against Dixon was interrupted in October 1998 when, according to Guest’s counsel, her expert retreated from his prior opinion.  Guest designated a new expert in February 1999. After Guest’s attorney suggested a trial in March or April 2001, Dixon’s counsel replied with a proposed scheduling order on June 23, 2000, but Guest’s attorney did not respond.
(footnote: 5)  According to Guest’s timetable, the case was dormant from the time counsel resigned from the firm in June 2001 until August 2001, when the case was assigned to another attorney in the firm, some six years after the filing of the suit.
(footnote: 6)  At all times material hereto, a partner in the law firm was counsel of record for Guest, albeit at least three other attorneys in the firm took some action on behalf of her from time to time.
(footnote: 7) 

After the Honorable Marvin Marshall was assigned to preside at trial, Guest filed a Notice of Filing Records Affidavit on February 28, 2000, but did not respond to a proposed scheduling order forwarded to her attorney on June 23, 2000.  Dixon’s motion to dismiss for want of prosecution was filed July 24, 2002.  Instead of promptly filing a response to the motion to dismiss, on October 21, 2002, Guest filed a motion for a jury trial setting requesting that the case be set for trial in the summer or fall of 2003 “with discovery to continue up until the time of trial.”  Following Judge Marshall’s recusal and assignment of the Honorable John T. Forbis on November 5, 2002, Judge Forbis promptly ordered a hearing on the motion to dismiss.  Guest then filed her response to the motion to dismiss on December 27, 2002.
  In her response, among other things, she requested:

the case be set for trial with deadlines for joining new parties, completion of discovery; and 

amending pleadings and the completion of other pretrial matters.

Guest made similar requests in her motion for a jury trial setting for the summer of 2003 filed October 21, 2002.  Although Guest focuses on the recusals of assigned judges to justify the delay, Guest does not explain or develop any argument demonstrating why or how the recusals prevented or impaired her completion of discovery, amendment of pleadings, and joinder of new parties. 

Guest’s reliance on our decision in Moore v. Armour & Co., Inc., 748 S.W.2d 327 (Tex.App.--Amarillo, 1988, no writ), is misplaced.  In 
Moore
, we expressly noted that we reversed the first case 

upon the conclusion that it was an abuse of discretion to dismiss the cause when Moore had announced ready, secured a trial setting and, as the record affirmatively reflected, was ready to go to trial.

Id
. at 329.  Here, however, according to this record, Guest never announced ready.  Also, as shown by her motion for trial setting requesting adequate time to complete discovery, join additional parties, and 
amend pleadings, the case was not ready for trial on October 21, 2002.

Guest’s “bad policy” argument is not applicable for two reasons.  First, the record does not establish the case was “substantially ready for trial” as she suggests.  Second, as noted in Southern Pacific Transp. Co. v. Stoot, 530 S.W.2d 930, 931 (Tex. 1975):

delay haunts the administration of justice.  It postpones the rectification of wrong and the vindication of the unjustly accused.  It slows the dockets of the courts, increasing the costs for all litigants, pressuring judges to take short cuts, interfering with the prompt and deliberate disposition of those causes in which all parties are diligent and prepared for trial . . . .

Guest’s first issue is overruled. 

By her second issue, Guest contends the trial court erred in failing to apply the “conscious indifference” standard in resolving Dixon’s motion to dismiss for want of prosecution.  We disagree.  T
he central issue is whether she exercised reasonable diligence which is reviewed under a clear abuse of discretion standard.  MacGreggor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997).

Moreover, by his motion designated as Motion To Dismiss for Want of Prosecution, citing Rule 165a of the Texas Rules of Civil Procedure, alleging the case had not been prosecuted with due diligence and had been pending for almost seven years, Dixon requested a hearing that the cause be dismissed for want of prosecution.  Dixon’s motion was not based on grounds covered by Rule 165a (1) or (2), but was based on the inherent power of the trial court.   

In Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999), the court held than in addition to the authority to dismiss per Rule165a(2), 

the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence.

Candidly acknowledging that no Texas case supports the issue, citing the dissenting opinion in Rampart Capital Corp. v. Magjire, 1 S.W.3d 106,107 (Tex. 1999), Guest urges we adopt the “conscious indifference” test.  However, subsequent to the decision in 
Rampart
, we held that the “conscious indifference” standard did not apply to cases dismissed under the inherent power of the court to dismiss for lack of prosecution.
  See Manning
, 82 S.W.3d at 711.  
See also
 W. Wendell Hall, Standards of Review in Texas, 34 St. Mary’s L. J. 89 (2002).  Issue two is overruled.

Accordingly, concluding the trial court did not abuse its discretion, the judgment is affirmed. 

Don H. Reavis

      Justice

FOOTNOTES
1:
Johnson, C.J., no longer with this Court, is not participating.

2:
James Guest died on August 20, 1997. A suggestion of death and notice that suit would be prosecuted by his surviving widow was filed on September 15, 1997.

3:
Guest’s assertion in her brief and this issue that the facts are undisputed by Dixon is misleading.  To the contrary, Dixon opens his fact statement by stating that Guest’s statement is incomplete, inaccurate, and misleading which required him to present a fact statement in his brief. 

4:
A litigant is not entitled to a special setting at the time he selects; rather the trial court has the duty and power to control the docket.  In re Carter, 958 S.W.2d 919, 924 (Tex.App.--Amarillo, 1997, orig. proceeding). 

5:
Among other things, Dixon’s proposed scheduling order set a discovery deadline of August 1, 2001, for amending pleadings of August 15, 2001, and mediation deadline.  His letter of transmittal suggested seeking a trial setting for October 2001.

6:
The substituted attorney was the third attorney assigned to the case by the law firm. 

7:
Per Rule 8 of the Texas Rules of Civil Procedure, the partner was responsible for the suit as to Guest.