COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALEJANDRO AGUILAR AND JUANITA NAOMI ROSALES, | § | No. 08-08-00162-CV |
| | § | |
| Appellants, | § | Appeal from the |
| | § | |
| v. | § | 327th District Court |
| | § | |
| 21ST CENTURY RESOURCES, INC., JOHN BLACK, INDIVIDUALLY AND | § | of El Paso County, Texas |
| D/B/A BLACKWATER STEEL ERECTORS, AND D/B/A | § | (TC# 2002-4722) |
| BLACKWATER CRANE, AND C.F. JORDAN, L.P., | § | |
| | § | |
| Appellees. | § | |

## O P I N I O N

Appellants, Alejandro Aguilar and Juanita Naomi Rosales, appeal the trial court's order

dismissing their case against Appellees, 21st Century Resources, Inc., John Black, Blackwater

Steel Erectors, Blackwater Crane, and C.F. Jordan, L.P., for want of prosecution. We affirm.

## BACKGROUND

After falling twenty-five feet through a roof, Aguilar, on October 7, 2002, brought a

personal-injury suit against his employer, 21st Century Resources, and the other Appellees.

Approximately five years later, the trial court ordered the case dismissed for want of prosecution.

Appellants later obtained new counsel and filed a motion to reinstate the case. The trial court

granted the motion on October 12, 2007, and on that same date, issued a scheduling order

requiring the parties to mediate by January 15, 2008, and attend a judge's conference on January

24, 2008.

However, Appellants and their counsel did not appear at the judge's conference, nor did

they appear at their court scheduled depositions on January 30, 2008. Consequently, the trial court *sua sponte* ordered another dismissal based on Appellants' repeated failures to prosecute the case with diligence. Appellants then timely filed a motion for new trial, asking the trial court to reinstate the case, and after a hearing on the same, the motion was denied in light of "the history of this case, from failures to attend hearings, conference and depositions, to ultimate dismissal, reinstatement, and again failure to appear for a conference . . . ."

## DISCUSSION

On appeal, Appellants assert three issues. The first contends that the trial court erred by dismissing the case for want of prosecution without first notifying Appellants, the second alleges that the trial court reversibly erred by failing to set a hearing on Appellants' motion for new trial, and the third challenges the trial court's dismissal when there was no evidence of Appellants' lack of due diligence. Appellees respond that any error in the trial court's dismissal of the case without notifying the parties was harmless error since the trial court entertained a hearing on Appellants' motion for new trial, and that there was sufficient evidence of lack of due diligence.

*Standard of Review*

We review a trial court's decision to dismiss a case for want of prosecution under a clear abuse-of-discretion standard. *See State v. Rotello*, 671 S.W.2d 507, 508-09 (Tex. 1984); *Fox v. Wardy*, 234 S.W.3d 30, 32 (Tex. App.–El Paso 2007, pet. dism'd w.o.j.); *Dick Poe Motors, Inc., v. DaimlerChrysler Corp.*, 169 S.W.3d 478, 484 (Tex. App.–El Paso 2005, no pet.). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *Fox*, 234 S.W.3d at 32; *Dick Poe Motors*, 169 S.W.3d at 484.

*Applicable Law*

Both Rule 165a of the Texas Rules of Civil Procedure and the court's inherent power grant a trial court authority to dismiss a case for want of prosecution. *See* TEX. R. CIV. P. 165a(1)-(2); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Fox*, 234 S.W.3d at 32; *Dick Poe Motors*, 169 S.W.3d at 484. Dismissal under Rule 165a is appropriate when a party fails to appear for any hearing or trial that he had notice. *See* TEX. R. CIV. P. 165a(1). Further, a trial court's inherent authority, independent of the rules of procedure, authorizes dismissal when a plaintiff fails to prosecute his case with due diligence. *Villarreal*, 994 S.W.2d at 631; *Dick Poe Motors*, 169 S.W.3d at 484.

*Failure to Notice Dismissal*

Appellants' first issue contends that the trial court abused its discretion by dismissing the case without providing notice to the parties. Before a trial court may dismiss a case for want of prosecution under either Rule 165a or its inherent power, a party must be provided with notice and an opportunity to be heard. *See* TEX. R. CIV. P. 165a(1); *Villarreal*, 994 S.W.2d at 630. Therefore, failure to provide adequate notice generally requires reversal as a party's due-process rights have been violated. *Villarreal*, 994 S.W.2d at 630-31. However, "a trial court does not abuse its discretion by denying a motion to reinstate if the movant (a) receives notice of the actual order of dismissal in time to file a motion to reinstate, and (b) has an opportunity to be heard on the motion." *Keough v. Cyrus U.S.A., Inc.*, 204 S.W.3d 1, 5-6 (Tex. App.–Houston [14th Dist.] 2006, pet. denied). Indeed, a "motion to reinstate with the opportunity for a hearing cures the due process violations . . . ." *Finlan v. Peavy*, 205 S.W.3d 647, 655 (Tex. App.–Waco 2006, no pet.); *see also Wright v. Tex. Dept. of Criminal Justice-Institutional Div.*, 137 S.W.3d 693, 695 (Tex. App.–Houston [1st Dist.] 2004, no pet.); *Tex. Sting, Ltd. v. R.B. Foods, Inc.*, 82

S.W.3d 644, 648-50 (Tex. App.–San Antonio 2002, pet. denied); *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 402-03 (Tex. App.–Dallas 2001, pet. denied).

Here, the trial court did not give notice to the parties prior to dismissing the case for want of prosecution. However, after receiving the trial court's order of dismissal, Appellants timely filed a motion for new trial, asking the court to reinstate the case, and the trial court entertained a hearing on the motion. Under these circumstances, any due-process violations resulting from the failure to give notice prior to dismissal were cured and no reversible error is shown. *See Keough*, 204 S.W.3d at 6 ("Keough received actual notice of the order of dismissal and timely filed a motion to reinstate. There is no indication she did not have an opportunity to be heard. Thus, if the trial court failed to notify Keough of its intent to dismiss her case, the error was cured."); *Finlan*, 205 S.W.3d at 655-56 ("we maintain that the timely received notice of dismissal and a motion for new trial and motion to reinstate with the opportunity for a hearing cures the due process violations, if any, caused by a lack of notice prior to the actual dismissal in this case"); *Tex. Sting*, 82 S.W.3d at 650 n.6 ("we believe appellants were afforded due process in this instance because they had a post-dismissal hearing on their motion for new trial that remedied any violation of their rights occurring before the dismissal of their lawsuit"); *Franklin*, 53 S.W.3d at 402-03 ("Courts that have addressed this issue have uniformly held that when the trial court holds a hearing on a motion to reinstate while the court had full control of its judgment, and the dismissed party thereby receives the same hearing with the same burden of proof it would have had before the order of dismissal was signed, no harmful error is shown."). Appellants' first issue is overruled.

*Hearing on Motion for New Trial*

Appellants' second issue contends that the trial court erred by failing to set a hearing on

their motion for new trial. Appellees disagree, noting that the docket sheet indicates that a hearing was held. Appellants did not file a reply brief disputing Appellees' assertion.

Although no transcript of a motion-for-new-trial hearing appears in the appellate record, the trial court's docket sheet notes that on March 27, 2008, the court ordered a hearing set on the matter, and that on April 7, 2008 "motion for new trial hearing" is noted. Nothing in the record indicates that hearing was not held other than Appellants' assertion in their brief. However, statements in a brief unsupported by the record will not be considered on appeal. *See Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) (noting court will not consider factual assertions that appear solely in briefs and are not supported by the record); *In re A.W.P.*, 200 S.W.3d 242, 244 (Tex. App.–Dallas 2006, no pet.) (refusing to consider assertion that trial court erred by "not hearing" father's motion for new trial when nothing in the record supported his contention). Accordingly, Appellants' second issue is overruled.

*Lack of Due Diligence*

Appellants' third issue alleges that the trial court abused its discretion by dismissing the case, under her inherent authority, when there was no evidence of lack of due diligence. *See Villarreal*, 994 S.W.2d at 630; *Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980) (providing for dismissals pursuant to a trial court's inherent authority when the case has not been prosecuted with due diligence). In making their argument, Appellants ask us to hold that the conscious-indifference standard found in Rule 165a(3) as applicable to dismissals under the Rules of Civil Procedure, also applies to the court's inherent authority to dismiss. *See* TEX. R. CIV. P. 165a(1), (2) (allowing dismissals pursuant to the rules of civil procedure when a party failed to appear at a hearing or trial, or the case was not disposed of within the applicable time standards); *see also* TEX. R. CIV. P. 165a(3) ("The court shall reinstate the case upon finding after a hearing that the

failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained."). However, we have already held that the reinstatement provisions found in Rule 165a(3) do not apply to dismissals based on the trial court's inherent authority. *See Hunt v. El Paso County Dist. Clerk*, No. 08-00-00444-CV, 2002 WL 997772, at *3 (Tex. App.–El Paso May 16, 2002, pet. denied) (op., not designated for publication). And our decision accords with many of our sister courts that have specifically addressed the issue. *See Guest v. Dixon*, 223 S.W.3d 531, 534-35 (Tex. App.–Amarillo 2006, no pet.); *Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 841 (Tex. App.–Fort Worth 1999, no pet.) (cases holding that conscious indifference standard do not apply to cases dismissed under the inherent power of the court); *see also Binner v. Limestone County*, 129 S.W.3d 710, 712 (Tex. App.–Waco 2004, pet. denied); *Bynog v. Prater*, 60 S.W.3d 310, 314 (Tex. App.–Eastland 2001, pet. denied); *Burton v. Hoffman*, 959 S.W.2d 351, 354 (Tex. App.–Austin 1998, no pet.); *Olin Corp. v. Coastal Water Auth.*, 849 S.W.2d 852, 858 n.6 (Tex. App.–Houston [1st Dist.] 1993, no writ); *Eustice v. Grandy's*, 827 S.W.2d 12, 14 (Tex. App.–Dallas 1992, no writ) (cases holding Rule 165a(3)'s standard for reinstatement does not apply to dismissals under the trial court's inherent authority); *but see Sanchez v. Garcia*, No. 13-05-557-CV, 2006 WL 2076752, at *2 n.6 (Tex. App.–Corpus Christi Jul. 27, 2006, pet. denied) (op., not designated for publication) (holding reinstatement provisions apply to a trial court's inherent authority to dismiss); *Federal Dep. Ins. Corp. v. Principium, Inc.*, No. 01-92-01252-CV, 1993 WL 236342, at *2 (Tex. App.–Houston [1st Dist.] July 1, 1993, no writ) (op., not designated for publication) (seemingly holding that Rule 165a's reinstatement provision applies to a trial court's inherent authority to dismiss).

Although Appellants cite, in a footnote, the San Antonio Court of Appeals' recent

decision in *Cappetta v. Hermes*, 222 S.W.3d 160, 166 (Tex. App.–San Antonio 2006, no pet.), to suggest that the conscious-indifference standard should apply, they have given us no reason, much less any argument, to depart from our prior holding and accept the rationale of *Cappetta*.[1] Thus, we hold Appellants inadequately briefed this sub-issue, and we proceed to determine whether there was evidence of lack of due diligence. *See* TEX. R. APP. P. 38.1(i).

"In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay." *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.–Houston [14th Dist.] 1999, no pet.); *Burton*, 959 S.W.2d at 353-54; *Maida*, 990 S.W.2d at 842. When, as here, we have no reporter's record of the hearings held on the matter, we indulge every reasonable presumption in favor of the findings and judgment of the trial court. *Wright v. Wright*, 699 S.W.2d 620, 622 (Tex. App.–San Antonio 1985, writ ref d n.r.e.).

Appellants' original counsel, Monty Roberson, filed their petition on October 7, 2002,

---

[1] In *Capetta*, the San Antonio Court of Appeals reversed its previous case law holding that Rule 165a(3) did not apply to dismissals under a trial court's inherent authority. *Id.* at 166-67; *see also Goff v. Branch*, 821 S.W.2d 732, 733 (Tex. App.–San Antonio 1991, writ denied) ("The reinstatement provisions of TEX. R. CIV. P. 165a(3) must be construed in connection with the grounds for dismissal set out in TEX. R. CIV. P. 165a(1) and, therefore, apply only to cases that are dismissed because of failure of a party to appear or make an announcement."), *overruled by Cappetta*, 222 S.W.3d at 166-67; *Ozuna v. Southwest Bio-Clinical Labs.*, 766 S.W.2d 900, 903 (Tex. App.–San Antonio 1989, writ denied) ("We hold that Rule 165a(3)'s reinstatement provision . . . applies only to dismissals for failure to appear at a trial or other hearing."), *overruled by Cappetta*, 222 S.W.3d at 166-67; *Northbrook Prop. & Cas. Ins. Co. v. C & C Erection, Inc.*, No. 04-98-01063, 1999 WL 734840, at *6 (Tex. App.–San Antonio Sept. 22, 1999, pet. denied) (not designated for publication) ("The standard for reinstatement set forth in rule 165a(3) is not applicable to cases dismissed under the trial court's inherent power."), *overruled by Cappetta*, 222 S.W.3d at 166-67. In so doing, the Court accepted Justice Hecht's dissenting opinion in *Rampart Capital Corp. v. Maguire*, 1 S.W.3d 106 (Tex. 1999) (Hecht, J., dissenting), which argued that the reinstatement provisions should apply equally to dismissals pursuant to Rule 165a and inherent authority. *Cappetta*, 222 S.W.3d at 166-67. However, our decision in *Hunt* was issued subsequent to Justice Hecht's dissent and so were many of the cases cited above, which implicitly rejected his dissent. *See Hunt*, 2002 WL 997772, at *3; *see also Guest*, 223 S.W.3d at 535; *Binner*, 129 S.W.3d at 712; *Bynog*, 60 S.W.3d at 314; *Trevino v. Employers' Cas. Co.*, No. 03-00-00582-CV, 2001 WL 520914, at *2 (Tex. App.–Austin May 17, 2001, pet. denied) (op., not designated for publication).

and approximately two months later, he filed a first amended petition. The next activity generated by Appellants does not occur until more than one year later, on February 9, 2004, when Roberson filed a second amended petition with co-counselors, Roberto Oaxaca and Abelardo Bernal. Appellants seemed to have conducted some discovery eighteen months thereafter as opposing counsel filed a Rule 11 agreement, stating that Appellees' counsel agreed to a 30-day extension for them to respond to Appellants' discovery request. However, Appellants initiated no further activity until eight months later when, on April 18, 2006, Appellants filed a third amended petition. Two days later, Appellants' counselors filed a motion to withdraw, and the case was subsequently transferred to the 327th District Court.

On June 13, 2007, the trial court notified the parties of her intent to dismiss, and on July 24, 2007, the case was dismissed for failing to prosecute the matter with diligence. An order substituting counsel for Appellants and reinstating the case was subsequently issued on July 30, 2007, and on October 12, 2007, respectively. Also on October 12, 2007, the court issued a scheduling order requiring the parties to mediate by January 15, 2008, and to appear at a status conference on January 24, 2008, regarding the mediation. The order also required that discovery be completed by March 8, 2008, and that the trial begin on April 8, 2008. The scheduling order seemingly shows the trial court's frustration with the lack of prosecution in this case and desire to ensure that the case would proceed in a timely manner.

However, mediation was not completed at the time of the status conference as the parties had not agreed on dates to depose Appellants. Further, Appellants' counsel did not appear at the status conference. The trial court then ordered that Appellants' depositions take place on January 30, 2008, and Appellees noticed Appellants' counsel of the same later that day.

Appellees did not hear from Appellants' counsel for the next six days, nor did Appellants

file a motion to quash or seek a protective order on the depositions. The day before the depositions were to take place, Appellants' counsel left a single voicemail with Appellees, advising that Appellants were not available for the depositions scheduled the following day. In response, Appellees faxed a letter to Appellants' counsel that same day, referencing the court's order, and the following day, Appellees appeared at the depositions. When Appellants did not appear, Appellees contacted the trial court to inquire as to how long they should wait before taking a certificate of nonappearance, and the court asked Appellees to wait thirty minutes. Neither Appellants nor their counsel appeared. The trial court then dismissed the case noting "the entire history of this case and the repeated failures to prosecute this case with due diligence . . . ."

Subsequently, Appellants' counsel filed a motion for new trial contending that he failed to appear at the judge's conference because he was suffering from a serious health problem. However, the record does not indicate, nor does counsel allege, that he attempted to notify the court of his inability to attend prior to the scheduled conference, nor does he contend that his illness was first contracted on the day of the conference requiring his admittance into an emergency room. Further, his brief in support of his motion for new trial shows that he did not attempt to contact Appellants until the day before and the day of mediation, at which time he was unable to reach them, nor does it attempt to explain his own absence from the court scheduled depositions.

Nevertheless, the trial court held a hearing on the motion on April 7, 2008, and three days later, the trial court, "[a]fter careful consideration and review of the file and pleadings," notified the parties by letter that the motion for new trial would be denied in light of "the history of this case, from failures to attend hearings, conference and depositions, to ultimate dismissal,

reinstatement, and again failure to appear for a conference . . . ." The order denying the motion for new trial was signed April 15, 2008.

After carefully reviewing the entire record, we find no abuse of discretion in the trial court's dismissal of the case for failure to prosecute with due diligence. The case was on file since 2002 with only sporadic, intermittent activity on the part of Appellants. The issues involved are not complex, nor do they require extensive discovery or investigation in multiple states. Despite a dismissal and reinstatement, Appellants still did not proceed to prosecute the case. Appellants did not file any motions, seek discovery, or attempt to depose any witnesses post-reinstatement. They also failed to attend a judge's conference and appear at their depositions, despite having notice of both proceedings. Although Appellants filed a motion for new trial explaining they did not attend for health reasons and noting that they were ready, willing, and able to proceed, they did not state anything that they had done to prosecute the case following its reinstatement, nor did they offer any evidence of activity on their part to show that they acted with diligence. Based on these circumstances, the trial court did not abuse her discretion in dismissing the case for lack of prosecuting with due diligence. *See Nichols v. Sedalco Constr. Servs.*, 228 S.W.3d 341, 343 (Tex. App.–Waco 2007, pet. denied) (holding trial court did not abuse its discretion in dismissing a case for want of prosecution where brief periods of activity did not explain remaining long periods of inactivity); *Keough*, 204 S.W.3d at 5 (holding trial court did not abuse its discretion in dismissing a case for want of prosecution where case was on file for nearly six years, had previously been reinstated after a prior dismissal for want of prosecution, was continued several times at Appellant's request, and substituted counsel, although providing a reasonable explanation for her absence, did not provide any evidence showing the case was diligently prosecuted at any other time); *Manning v. North*, 82 S.W.3d 706,

713-14 (Tex. App.–Amarillo 2002, no pet.) (holding trial court did not abuse its discretion in dismissing a case for want of prosecution where case was on file for over eight years with only sporadic activity and counsel alleged various health problems to justify elapses in activity). Appellants' third issue is overruled.

## CONCLUSION

Having overruled Appellants' issues, we affirm the trial court's judgment.


                                        GUADALUPE RIVERA, Justice

March 10, 2010

Before McClure, J., Rivera, J., and Gomez, Judge
Gomez, Judge, sitting by assignment