

## NUMBER 13-11-00403-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

HERBERT LAWRENCE POLINARD,                                    Appellant,

v.

RALPH A. MEDINA AND ANN ANTHONY, LLC,                        Appellees.

### On appeal from the 135th District Court of De Witt County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Garza

Appellant, Herbert Lawrence Polinard, challenges the trial court's dismissal of his lawsuit against appellees, Ralph A. Medina and Ann Anthony, LLC ("Ann Anthony"), for want of prosecution. By two issues, Polinard contends that the trial court erred in dismissing the case and in denying his motion to reinstate. We affirm.

## I. BACKGROUND

On September 24, 2009, Polinard sued Medina in the 135th District Court in DeWitt County, Texas, alleging various causes of action including breach of contract, trespass, conversion, negligence, and nuisance.[1] The suit arose out of a lease agreement between Polinard and Medina under which Medina and four others were granted the right to hunt for one year on Polinard's ranch situated in DeWitt County, Texas, in exchange for a fee. In his lawsuit, Polinard alleged that Medina breached the agreement by, among other things: allowing a total of more than five guns onto the property; impermissibly entering into the cabin on the property; "burn[ing] the entire contents" of the cabin in a bonfire; and otherwise causing damage to livestock, fences, roads, and other personal property on the ranch. Polinard requested a jury trial.

Medina filed a general denial and special exceptions on October 26, 2009. The special exceptions challenged virtually all of Polinard's factual pleadings, arguing mainly that they were too vague and unspecific. On November 12, 2009, the trial court sustained the special exceptions.

Polinard then filed an amended petition which added details as to his original causes of action and also included additional claims against Medina for fraud, negligent misrepresentation, negligence, breach of contract, conversion, wrongful eviction, breach of fiduciary duty, gross negligence, and violations of the Texas Deceptive Trade Practice-Consumer Protection Act and Texas Theft Liability Act. The added claims were based upon a separate lease agreement under which Medina leased certain

---

[1] Polinard had previously filed a similar suit against Medina in Bexar County district court in August of 2007. That suit was dismissed for want of prosecution on November 3, 2009.

2

commercial warehouse space in Bexar County to Polinard.[2]

On November 23, 2009, Polinard filed a second amended petition joining Ann Anthony, Medina's company, as a defendant and requesting that both defendants be held jointly and severally liable. That same day, Polinard also filed a motion for rehearing or reconsideration on the trial court's order sustaining Medina's special exceptions. A hearing on Polinard's motion for rehearing or reconsideration, originally set for December 16, 2009, was reset three times. Eventually, the parties agreed to pass the hearing.

On February 23, 2011, the trial court clerk issued a letter stating as follows:

A dismissal docket for cases filed in the District Courts of DeWitt County, Texas, has been set for March 16, 2011. All domestic relations cases filed prior to July 1, 2010, and all causes pending on the docket of said Courts petitioning other civil non-jury actions filed prior to January 1, 2010, and all civil cases in which a jury fee has been paid filed prior to July 1, 2009 are set for trial and if not tried, shall be DISMISSED FOR WANT OF PROSECUTION at 9:00 a.m., March 16, 2011.

It will be necessary for you to appear in person before the Court on the date indicated above if you desire to have this case remain on the docket. Your failure to appear will result in the dismissal of the case for want of prosecution.

According to Polinard's counsel, neither he nor Polinard himself ever received this letter or had notice of the March 16, 2011 hearing. Nevertheless, the trial court dismissed Polinard's suit on that date for want of prosecution. Subsequently, Polinard filed a motion to reinstate. After a hearing, the trial court denied the motion. This appeal followed.

## II. DISCUSSION

---

[2] The amended petition was dated November 11, 2009 but was not filed with the trial court clerk until November 16, 2009.

3

By his first issue, Polinard argues that the trial court erred in dismissing his suit for want of prosecution. By his second issue, he contends that the trial court erred in denying his motion to reinstate. Because both issues raise the same questions—i.e., whether Polinard or his counsel were served with the requisite notice and whether the notice itself was adequate—we will address them together.

## A. Applicable Law and Standard of Review

A trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *see* TEX. R. CIV. P. 165a. A trial court may dismiss under Rule 165a on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." TEX. R. CIV. P. 165a(1).[3] A trial court's inherent authority to dismiss, on the other hand, is independent of the rules of procedure and may be invoked whenever a plaintiff fails to prosecute his case with due diligence. *Villarreal*, 994 S.W.2d at 630; *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976); *Aguilar v. 21st Century Res., Inc.*, 349 S.W.3d 32, 35 (Tex. App.—El Paso 2010, no pet.). In either case, a party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution. *Villarreal*, 994 S.W.2d at 63; *see* TEX. R. CIV. P. 165a(1). The failure to provide adequate notice generally violates a party's due process

---

[3] Rule 165a also permits dismissal when a case is "not disposed of within the time standards promulgated by the Supreme Court . . . ." TEX. R. CIV. P. 165a(2). Those standards suggest that civil non-family jury cases should be disposed of within 18 months from the appearance date. TEX. R. JUD. ADMIN. 6. Medina made his first appearance by filing an answer to Polinard's suit on October 26, 2009; 18 months from that date would be April 26, 2011, which is well after the date of the dismissal docket call. The trial court could not, therefore, have dismissed Polinard's suit under Rule 165a(2).

4

rights and requires reversal. *Villarreal*, 994 S.W.2d at 630–31; *Aguilar*, 349 S.W.3d at 35.

Rule 165a(3) permits a party whose suit has been dismissed for want of prosecution to file a motion to reinstate within thirty days after the order of dismissal is signed. TEX. R. CIV. P. 165a(3). After a hearing, the court must reinstate the case if it finds "that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." *Id.*

We review a trial court's dismissal for want of prosecution and its denial of a motion to reinstate for abuse of discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (dismissal for want of prosecution); *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (denial of motion to reinstate). An abuse of discretion occurs if the trial court acts without reference to any guiding rules or principles or in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985).

## B.    Analysis

We first address Polinard's contention that neither he nor his counsel received the trial court clerk's February 23, 2011 notice letter. At the hearing on Polinard's motion to reinstate, three witnesses provided testimony: Polinard, his counsel,[4] and

---

[4] At the conclusion of Polinard's testimony, Polinard's counsel stated: "At this time, Your Honor, I'd call myself to testify as an officer of the court." Counsel then stated, without being sworn, that he received no notice of the March 16, 2011 hearing until March 25, 2011, when he received a letter from the clerk's officer. Even though counsel was not sworn in as a witness, we consider his statements as evidence because (1) the circumstances clearly indicated that he was tendering evidence on the record as an officer of the court; and (2) Medina did not object to the fact that an oath had not been administered. *See Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (stating that, "while statements by neither [counsel] were under oath, the oath requirement was waived when neither raised any objection in circumstances that clearly indicated each was tendering evidence on the record based on personal

5

DeWitt County District Clerk Tabeth Gardner. Polinard testified that he had no notice of the March 16, 2011 hearing and that, to his knowledge, his counsel did not know of the hearing until "two or three weeks later." Polinard stated that he wished to proceed with the suit and set it for trial. Gardner testified that, in accordance with standard procedure, she sent the February 23, 2011 letter by regular mail to Polinard's counsel at his San Antonio office address and that the letter was not returned to her office. Gardner also stated that she sent the trial court's dismissal order, dated March 16, 2011, to Polinard's counsel by the same method and to the same address. Polinard's counsel acknowledged that the San Antonio office address was correct and that he received the dismissal order, but he denied having received the February 23, 2011 letter.

The trial court judge, in denying Polinard's motion to reinstate, impliedly disbelieved the testimony of Polinard and his counsel that neither received the notice. It was within his discretion to do so. *See In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) ("A trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision."); *Prince v. Am. Bank of Tex.*, 359 S.W.3d 380, 382 (Tex. App.—Dallas 2012, no pet.) (stating, in an abuse of discretion review, that "[a]s the fact-finder, the trial court is the sole judge of the credibility of the witnesses and evidence"); *see also Price v. Firestone Tire & Rubber Co.*, 700 S.W.2d 730, 733 (Tex. App.—Dallas 1985, no writ) ("Whether the party's or attorney's conduct was not

knowledge on the sole contested issue," i.e., whether the plaintiff's non-appearance was intentional or the result of conscious indifference) (citing *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (holding attorney's unsworn statements tendered as evidence were sufficient absent objection)); *but cf. Bay Fin. Sav. Bank, FSB v. Brown*, 142 S.W.3d 586, 590 (Tex. App.—Texarkana 2004, no pet.) ("[R]emarks of counsel during the course of a hearing are not competent evidence unless the attorney is actually testifying.").

intentional or the result of conscious indifference is a fact-finding within the trial court's discretion."). The trial court did not abuse its discretion in concluding that Polinard received the February 23, 2011 letter.

We next address Polinard's claim that the February 23, 2011 letter was inadequate to serve as proper notice of the trial court's intention to dismiss his case for want of prosecution. He asserts specifically that the notice was fatally defective because (1) it was not sent by certified mail, and (2) it did not advise him that the trial court may dismiss the case based upon its inherent authority.

With respect to the method of service, it is undisputed that the trial court clerk sent the February 23, 2011 notice letter to all recipients by regular mail, not by certified mail. Polinard claims that Rule 165a, when read together with Texas Rule of Civil Procedure 21a, requires that notice of potential dismissal for want of prosecution be sent by "certified or registered mail." We disagree. Rule 165a(1) states in part:

> Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service.

TEX. R. CIV. P. 165a(1). Rule 21a states:

> Every notice required by these rules . . . other than the citation to be served upon the filing of a cause of action *and except as otherwise expressly provided in these rules*, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record, as the case may be, either in person or by agent or by courier receipted delivery or by certified or registered mail, to the party's last known address, or by telephonic document transfer to the recipient's current telecopier number, or by such other manner as the court in its discretion may direct.

TEX. R. CIV. P. 21a(1) (emphasis added). Rule 21a is a permissive provision; it allows service of notices to be effectuated by certain methods but does not proscribe others. *See id.* Rule 165a(1) expressly authorizes service by the United States Postal Service and does not make reference to certified or registered mail. *See* TEX. R. CIV. P. 165a(1). The two rules do not conflict. When read together, they authorize service of notice by regular United States Postal Service mail.

We turn finally to the contents of the trial court clerk's February 23, 2011 letter. The letter advised Polinard of the date, time, and location of the hearing and clearly stated that his case would be dismissed if he or his counsel failed to appear.[5] The Texas Supreme Court has held that this type of notice is sufficient to support a dismissal for want of prosecution. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 852 (Tex. 2004) ("Because the notice in this case clearly set a date and time for a hearing and clearly stated that the parties could expect the court to dismiss the case for want of prosecution for nonattendance, the order satisfies any requirement that there be notice and an opportunity to be heard before a case is dismissed for want of prosecution.").

Polinard nevertheless argues that the letter was inadequate because it only properly notified him of a potential dismissal of his suit under Rule 165a(1).[6] We agree

---

[5] We note that, according to the precise terms of the letter, Polinard's suit should not have been set on the dismissal docket because it was neither: (a) a domestic relations case; (b) a civil non-jury action filed prior to January 1, 2010; or (c) a civil jury case filed prior to July 1, 2009. Nevertheless, the notice clearly referenced the style and cause number of Polinard's suit. In any event, Polinard does not raise this issue on appeal and so we do not address it. *See Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error.").

[6] Polinard points out correctly that the trial court's order authorizing dismissal of his case contains incorrect factual statements. The order stated in part as follows:

8

that the letter only provided notice of a possible Rule 165(a)(1) dismissal. The letter stated only that "[y]our failure to appear will result in the dismissal of the case for want of prosecution," indicating only a possible dismissal under Rule 165a(1). *See* TEX. R. CIV. P. 165a(1) ("A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice."). The letter did not advise Polinard of a potential dismissal under the trial court's inherent authority to dismiss for lack of due diligence. Thus, had Polinard or his counsel made an appearance at the March 16, 2011 hearing, the trial court could not have then dismissed the suit for lack of diligent prosecution. *See Villarreal*, 994 S.W.2d at 632[7]; *Lopez v. Harding*, 68 S.W.3d 78, 79–80 (Tex. App.—Dallas 2001, no pet.).

---

> On this the 16th day of March, A.D., 2011, this cause was called for trial and it appearing to the Court that notice was given that this cause would be dismissed for want of prosecution unless good cause could be shown in open court why such case should remain on the docket, and it further appearing that no good cause was shown in open court why this case should not be dismissed and the Court having found this case should be dismissed for want of prosecution;
>
> THEREFORE, IT IS ORDERED AND DECREED by the Court that this case, should be, and the same is hereby dismissed from the docket of the District Court, all at the cost of the plaintiff for which execution may issue.

The record reflects that, despite the recitals in the order, the February 23, 2011 letter did not state that the cause would be dismissed "unless good cause could be shown in open court why such case should remain on the docket." Instead, the letter merely stated that "[y]our failure to appear will result in the dismissal of the case for want of prosecution." Polinard claims that the order's references to a showing of good cause indicate that the trial court actually dismissed the case under its inherent authority rather than under Rule 165a(1), which would be impermissible given the nature of the notice. We disagree. The plain language of the order does not state explicitly or implicitly that dismissal was made on any particular grounds. Moreover, the fact that the order incorrectly stated that Polinard would have been required to show good cause *had he appeared* does not change the twin facts that (1) Polinard failed to appear, and (2) dismissal of his case for want of prosecution is therefore explicitly authorized by Rule 165a(1). *See* TEX. R. APP. P. 44.1(a) (stating that error in a civil case is reversible only if it probably caused the rendition of an improper judgment or probably prevented the appellant from presenting the case on appeal).

[7] In *Villarreal*, the notice stated: "IF NO ANNOUNCEMENT IS MADE, THIS CAUSE WILL BE DISMISSED FOR WANT OF PROSECUTION." *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 629 (Tex. 1999). Plaintiff's counsel appeared at the dismissal hearing and announced ready for trial, but the trial court nevertheless dismissed the case under its inherent authority for failure to prosecute diligently. *Id.* at 632. The Texas Supreme Court found that the dismissal was an abuse of discretion because the plaintiff "complied with all the requirements of the notice." *Id.* In contrast, Polinard did not

But that is not the situation we are presented with here. It is undisputed that neither Polinard nor his counsel appeared at the March 16, 2011 docket call. And, Rule 165a(1) unambiguously permits the trial court to dismiss a cause for want of prosecution under those circumstances, provided effective notice was given and received. *See* TEX. R. CIV. P. 165a(1). We have already concluded that the letter was adequate notice and that the trial court did not err in finding that Polinard received the letter. Accordingly, the trial court did not abuse its discretion in dismissing the suit or in denying the motion to reinstate. Polinard's issues are overruled.

### III. CONCLUSION

We affirm the judgment of the trial court.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
19th day of July, 2012.

---

comply with the requirements of the February 23, 2011 notice because neither he nor his counsel appeared at the dismissal docket call.