**Affirmed and Memorandum Opinion filed January 13, 2022.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-21-00137-CV
_____

## DEVRY MARIE SAENZ, Appellant

## V.

## MATTHEW JOSEPH SPRINGER, Appellee

**On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2020-18631**

## MEMORANDUM OPINION

Appellant Devry Marie Saenz appeals an order dismissing for want of prosecution her application for a protective order. In one issue, she contends the trial court abused its discretion and violated her due process rights by failing to give notice of its intent to dismiss and by failing to conduct a hearing on the dismissal. We affirm.

## Background

On March 20, 2020, Saenz filed an application for a protective order in Harris County District Court against appellee Matthew Joseph Springer, her former spouse. Saenz alleged that Springer had committed family violence, and she requested a temporary ex parte protective order as well as a permanent protective order. On April 3, 2020, the trial court signed a temporary ex parte protective order (the "TPO").

Five days later, Springer filed a motion to vacate and/or set aside the TPO, accompanied by a request for a writ of attachment and a motion for sanctions. The motion to vacate noted that the parties had recently participated in a jury trial in a suit to dissolve their marriage in Kendall County, Texas. That trial resulted in a final decree of divorce and order for conservatorship, signed February 28, 2020. Among other things, the final divorce decree rejected the parties' respective allegations of family violence against each other.

The trial court held a hearing on Springer's motion to vacate on April 9, 2020. During the hearing, the trial court highlighted a variety of potential flaws with Saenz's application, including the fact that the divorce decree itself might be an obstacle to her application. On April 13, 2020, the trial court signed an order vacating the TPO (the "April 13 Order"). The order did not purport to dispose of Saenz's claim for a permanent protective order, nor did it contain any language describing the court's action as final, appealable, or intended to dispose of all claims of all parties. Additionally, however, the order stated, "any further hearings on the application for protective order filed by [Saenz] is denied."

During the hearing on Saenz's motion to vacate, the court indicated that it was not inclined to find that family violence occurred. The court also noted the pendency of Springer's motion for sanctions, and the court stated that it was still

2

considering whether to grant sanctions. The court asked Springer's counsel to file an affidavit in support of the sanctions request, and the court said it would rule on it by submission.

Several months later, on January 11, 2021, Saenz filed a "request to set evidentiary hearing date for application for protective order."[1] Saenz asserted that her application for a protective order remained pending, and she requested the court to set a hearing date. The next document in our record is an order signed February 11, 2021, dismissing the case without prejudice for want of prosecution (the "Dismissal Order"). That order states, "[t]he application for Protective Order was filed. There has been no further action on this case. Therefore, it is ORDERED that this entire case is DISMISSED without prejudice."

On March 10, 2021—within thirty days of the Dismissal Order—Saenz filed two documents: a notice of appeal and a "motion to retain." In the motion to retain, Saenz argued that the trial court did not provide notice that the case was being considered for dismissal for want of prosecution and that the trial court had not conducted a hearing on Saenz's application for protective order. The motion also stated that Saenz's counsel had been unable to obtain a hearing date for that application. Saenz requested the court to retain the case on the court's active trial docket.[2] After Springer filed a response opposing reinstatement, the trial court signed an order on March 26, 2021 denying appellant's motion to retain.

## Discussion

Saenz presents one issue: the trial court abused its discretion in dismissing the case for want of prosecution because, contrary to Rule 165a(1), the court did

---

[1] Saenz also filed a "corrected" request on the same day.

[2] Given its substance, we construe Saenz's "motion to retain" as a motion to reinstate under Texas Rule of Civil Procedure 165a(3).

3

not provide notice of its intent to dismiss and did not conduct a hearing on its intent to dismiss.

## A. This court has jurisdiction over the appeal.

Before proceeding to the merits, we pause to address our appellate jurisdiction. Springer argues that we lack jurisdiction because Saenz's notice of appeal was untimely. According to Springer, the trial court's April 13 Order is itself a final and appealable order. Because Saenz filed no notice of appeal or motion for new trial within thirty days of the April 13 Order, Springer says, the trial court lost plenary jurisdiction over the case in May 2020 and we lack jurisdiction to consider Saenz's appeal filed in March 2021. *See* Tex. R. App. P. 26.1(a); Tex. R. Civ. P. 329b(d).

Springer's argument raises the question whether the trial court's April 13 Order constituted a final and appealable judgment. Absent exceptions inapplicable here, a judgment or order is appealable only if it is final. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment or order issued without a conventional trial on the merits is final if it either: (1) actually disposes of every pending claim and party, or (2) it clearly and unequivocally states that it finally disposes of all claims and all parties. *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam) (citing *Lehmann*, 39 S.W.3d at 205).

We turn first to whether the April 13 Order actually disposed of all pending claims of all parties. In determining that issue, we may review the record if necessary. *Lehmann*, 39 S.W.3d at 205–06. Here, the language of the April 13 Order merely vacates an earlier temporary order; beyond that, it does not grant or deny any relief requested in any party's pleadings. On its face, the order does not rule on the merits of Saenz's application for permanent protective order relief. Moreover, before the court signed the April 13 Order, Springer had filed a motion

4

for sanctions, and the order does not rule on that request either. Because Springer's motion for sanctions was pending when the court signed the April 13 Order, because the April 13 Order does not reference that motion, and because the trial court stated during the April 9 hearing that it was still considering the motion for sanctions, the April 13 Order did not dispose of Springer's motion for sanctions. *See Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 96 (Tex. 2009) (per curiam); *Crites v. Collins*, 284 S.W.3d 839, 840-41 (Tex. 2009) (per curiam). Accordingly, we conclude that the April 13 Order did not actually dispose of every claim of every party then pending. *See Bella Palma, LLC*, 601 S.W.3d at 801.

If an order does not actually dispose of every pending claim and party, it will be considered final nonetheless if it "clearly and unequivocally states that it finally disposes of all claims and all parties." *Id.* The April 13 Order does not meet this alternative test for finality either. It contains no clear and unequivocal statement that the court finally disposed of all claims of all parties. It does not say that it is final, that it is appealable, or that all relief is denied. Springer notes the order's text denying any further hearings, but that statement is not a clear and unequivocal statement purporting to dispose of all claims of all parties on the merits. It merely expresses the court's denial of further hearings on Saenz's application.

When an order's text creates ambiguity regarding its finality, or there is "any doubt" about finality, then a reviewing court examines the record to determine whether the trial court intended the order to be final. *See Interest of R.R.K.*, 590 S.W.3d 535, 540-41 (Tex. 2019); *Vaughn v. Drennon*, 324 S.W.3d 560, 563 (Tex. 2010) (per curiam). We remain mindful that a party's right to appeal should not be "abridged by judgments that were drafted poorly or were unclear." *Interest of R.R.K.*, 590 S.W.3d at 541 (quoting *Vaughn*, 324 S.W.3d at 563).

5

The April 13 Order does not clearly state that it disposes of all claims of all parties and creates no reasonable doubt that the trial court intended it to do so. While it does not contain sufficient ambiguity to warrant a record review, even if we looked at the record, we would conclude that the court's Dismissal Order of February 11, 2021—not the April 13 Order—contains the requisite clear indication of intent to dispose of all claims. In the Dismissal Order, the court makes it clear that it is dismissing the "entire" case. Such an order can constitute a final judgment for appellate and plenary power purposes. *Cf. Ellmossallamy v. Huntsman*, 830 S.W.2d 299, 300-02 (Tex. App.—Houston [14th Dist.] 1992, no writ). We construe this as the court's clear indication of an intent to dispose of all claims of all parties on February 11, 2021.[3] The court's intention is buttressed by the fact that it signed a subsequent order denying Saenz's "motion to retain" the case.

Springer points to two docket entries that he contends establish the court's intention to dispose of the case completely by the April 13 Order. First, he directs us to an April 9, 2020 docket entry stating the court "dismissed case." Second, he notes an August 11, 2020 docket entry stating, "court cannot sign the sanction order as the court lost plenary power to sign since this matter was from [A]pril." But docket sheet entries do not control over written orders. *See In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) ("A docket-sheet entry cannot contradict or take the place of a written order or judgment."). Notwithstanding those docket statements, the trial court clearly did not treat the April 13 Order as having disposed of all claims of all parties because, at a minimum, the court notified the parties in June 2020 that it

---

[3] According to the record, the court disposed of Matthew's motion for sanctions in June 2020.

ruled on the motion for sanctions and signed the Dismissal Order the following February.

Thus, we conclude that the April 13 Order was not a final order for purposes of beginning Saenz's time to appeal. Relatedly, we conclude the February 2021 Dismissal Order was a final judgment. As Saenz's notice of appeal was unquestionably timely based on when the Dismissal Order was signed, we have jurisdiction over this appeal.

## B.  Saenz has not shown reversible error.

We review challenges to a trial court's dismissal for want of prosecution, as well as subsequent denials of motions to reinstate, for abuse of discretion. *Henderson v. Blalock*, 465 S.W.3d 318, 321-22 (Tex. App.—Houston [14th Dist.] 2015, no pet.). This standard authorizes reversal of such decisions only if the trial court has acted arbitrarily or without reference to guiding rules and principles. *Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 96 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). There are two sources for trial courts to dismiss suits for want of prosecution: Texas Rule of Civil Procedure 165a, and trial courts' inherent authority. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Rule 165a authorizes trial courts to dismiss for want of prosecution "on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." Tex. R. Civ. P. 165a(1). The rule further states, "[n]otice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, . . . ." *Id.* Trial courts also possess inherent authority to dismiss a case when a plaintiff fails to prosecute it with due diligence.[4] *Villarreal*, 994 S.W.2d at 630. But regardless

---

[4] Saenz contends the trial court abused its discretion by not complying with Rule 165a; she does not assert that the court abused its inherent authority.

of which source of authority a trial court relies on, it must provide the party subject to dismissal "with notice and an opportunity to be heard." *Id.*

Saenz argues that the trial court failed to comply with Rule 165a because it failed to send notice of its intent to dismiss the case and of any hearing date before signing the Dismissal Order. The record does not show that the court provided the requisite notice, and Springer does not contend otherwise. After receiving the trial court's Dismissal Order, however, Saenz timely filed a motion to retain, asking the court to reinstate the case. Any due process violation caused by the trial court's failure to notify the parties of its intent to dismiss is cured when, as here, the appellant timely files a motion to reinstate. *E.g.*, *Aguilar v. 21st Century Res., Inc.*, 349 S.W.3d 32, 35-36 (Tex. App.—El Paso, 2010, no pet.); *Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 6 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (any error in lack of notice of intent to dismiss cured when appellant timely filed motion to reinstate); *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 128-29 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Thus, we overrule Saenz's appellate issue complaining of lack of notice.

To the extent Saenz complains that the trial court erred in failing to reinstate the case, we cannot say the court erred because Saenz's motion to reinstate, though timely, was unverified. *See* Tex. R. Civ. P. 165a(3) (motions to reinstate must be verified). A trial court does not abuse its discretion in denying an unverified motion to reinstate following a Rule 165a dismissal. *See Facundo v. Villezcas*, No. 04-17-00528-CV, 2018 WL 3634987, at *3 (Tex. App.—San Antonio Aug. 1, 2018, no pet.) (mem. op.); *Garcia v. Baig*, No. 01-01-01213-CV, 2002 WL 31682779, at *2 (Tex. App.—Houston [1st Dist.] Nov. 27, 2002, pet. denied) (mem. op.) (holding trial court did not abuse its discretion by denying Rule 165a motion to reinstate because motion was not verified). Moreover, an unverified

motion to reinstate will not extend the court's plenary power or appellate deadlines. *See Sierra Club v. Tex. Comm'n on Env't Quality*, 188 S.W.3d 220, 223 (Tex. App.—Austin 2005, no pet.); *Watson v. Clark*, No. 14-14-00031-CV, 2015 WL 780563, at *2 (Tex. App.—Houston [14th Dist.] Feb. 24, 2015, no pet.) (mem. op.). For this reason, the trial court's jurisdiction to reinstate the case expired March 15, 2021. *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (per curiam). Saenz has not presented any reversible error.

## Conclusion

For the above reasons, we affirm the trial court's dismissal of Saenz's suit for failure to prosecute.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Poissant.