ACCEPTED
12-14-00230
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/12/2015 7:53:43 PM
CATHY LUSK
CLERK

## NUMBER 12-14-00230-CV

**IN THE COURT OF APPEALS FOR THE 12ᵀᴴ COURT OF APPEALS OF TEXAS AT TYLER, TEXAS**

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS

2/12/2015 7:53:43 PM

CATHY S. LUSK
Clerk

*HAROLD AND DELORES PATTON,*
*APPELLANT*
*(Defendant Below)*

*V.*

*LOANCARE, LLC*
*APPELLEE*
*(Plaintiff Below)*

**FILED**

2/12/15

Twelfth Court of Appeals
Cathy Lusk
Clerk

## BRIEF OF APPELLEE

THE LAW OFFICE OF CORNELIA A. HARTMAN
CORNELIA A. HARTMAN, TBN 09159850
123 SAN AUGUSTINE STREET
CENTER, TEXAS 75935
T: 936-598-3999 / F: 936-598-3031
corneliahartman@sbcglobal.net
*Local Counsel/Trial Attorney*

KLATT, ODEKIRK, AUGUSTINE, SAYER
TREINEN & RASTEDE, P.C.
925 E. 4th Street
Waterloo, Iowa 50703
T: (319) 234-2530 / F: (319) 232-6341

**Attorneys for LoanCare - Appellee**

## I. IDENTITIES OF PARTIES AND COUNSEL

**A.** **Appellant**
Harold and Delores Patton

**B.** **Appellee**
Loancare, LLC

**C.** **Counsel**

**1.** CORNELIA A. HARTMAN, TBN 09159850
123 SAN AUGUSTINE STREET
CENTER, TEXAS 75935
T: 936-598-3999
F: 936-598-3031
corneliahartman@sbcglobal.net

KLATT, ODEKIRK, AUGUSTINE, SAYER
TREINEN & RASTEDE, P.C.
925 E. 4th Street
Waterloo, Iowa 50703
T: (319) 234-2530
F: (319) 232-6341

Attorneys for LoanCare, Appellee

**2.** J. Keith Stanley
413 Shelbyville
Center, Texas 75935
T: (936) 598-2981
F: (936) 598-9155

Attorney for Harold and Delores Patton, Appellant

TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................ i

TABLE OF CONTENTS ................................................................................ ii

TABLE OF AUTHORITIES ......................................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ........................................... 1

STATEMENT OF THE CASE ........................................................................ 1

STATEMENT OF ISSUES PRESENTED ........................................................ 2

STATEMENT OF FACTS ............................................................................. 3

SUMMARY OF THE ARGUMENT ................................................................ 4

ARGUMENT OF AUTHORITIES ................................................................. 5

PRAYER .................................................................................................... 15

CERTIFICATE OF SERVICE ...................................................................... 15

CERTIFICATE OF WORD COUNT ............................................................. 16

<u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

*Aguilar v. 21st Century Resources, Inc.* 349 S.W.3d 32 (Tex. App.–El Paso, 2010, no writ) ...................................................................................................... 13

*Bruce v. Fed. Nat'l Mortg. Ass'n*, 352 S.W.3d 891(Tex. App. - Dallas 2011, pet. denied) ................................................................................................... 9

*Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555(Tex. App. - San Antonio 2001, pet. dism'd w.o.j.) ............................................................... 11

*Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 56869 (Tex. App. - Dallas 2008, pet. dism'd w.o.j.). ........................................................... 9

*Fox v. Wordy*, 234 S.W.3d 30 (Tex. App. - El Paso 2007, pet. dism'd w.o.j.) ....... ...................................................................................................... 6

*Jaimes v. Federal Nat'l Mortg. Ass'n,* No. 03–13–00290–CV, 2013 WL 7809741,(Tex. App.-Austin Dec.4, 2013, no pet.) (mem.op) .................... 12

*Nguyen v. Intertex, Inc.*, 93 S.W. 3d 288(Tex. App. - Houston [14th Dist.] 2002, no pet.) .................................................................................................. 6

*Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533(Tex. App. - Dallas 1987, no writ) .................................................................................................. 6

*Rice v. Pinney*, 51 S.W.3d 705 (Tex. App.-Dallas 2001, no pet.) .......... 9, 12

*San Miguel v. Bellows*, 35 S.W. 3d 702 .................................................. 8

*Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex.1991) ............................... 14

*Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196 (Tex. App.-Dallas 2011, pet. dism'd) ....................................................................................... 12

*Warriner v. Warriner*, 394 S.W.3d 240 (Tex. App. - El Paso 2012, no pet.) . ................................................................................................ 6

*Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925 (Tex. App.-Dallas 2010, no pet.) ................................................................................................ 12

*Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.-Dallas 2006, pet. denied) ................................................................................................ 15

*WorldPeace v. Commission for Lawyer Discipline*, 183 S.W.3d 451n. 23 (Tex. App. - Houston [14th Dist.] 2005, pet. denied) ............................................. 6

## STATUTES AND RULES

Tex. R. Civ. P. 510.3(e) ................................................................ 12

Tex. Civ. Prac. & Rem.Code § 16.021 ..................................... 10

Tex. Prop. Code § 24.002 .................................................. 10, 12

Tex. Prop. Code § 24.002(a) ...................................................... 12

Tex. R. App. P. 34.1. ................................................................ 6

Tex. R. Civ. P. 510.10(c). ........................................................ 11

**STATEMENT REGARDING ORAL ARGUMENT**

Oral argument would not be of benefit to the Court since this case presents no important issues of substantive law, no unsettled issues of law, and no unusual set of facts. Oral argument in this matter would be an unnecessary taxation of judicial resources.

Further, Appellee anticipates that because Appellant purposely did not include the Court Reporter's record as part of this appeal, Appellant will attempt to introduce facts in oral argument that are outside the appellate record.

**STATEMENT OF THE CASE**

This is an eviction case. After Appellant defaulted on the mortgage payments for the residence located at 6166 FM 2026, Tenaha, Shelby County, Texas, LoanCare, Appellee, purchased the property at a nonjudicial foreclosure sale. (CR 93 - 103). After the foreclosure sale, Notice to Vacate was sent to the Pattons on October 17, 2013; (CR 58 - 60) and again on December 5, 2013. (CR 25). The Pattons failed to vacate the premises, LoanCare instituted an forcible detainer or eviction proceeding in the Justice of the Peace Court, Precinct 1, in Shelby County, Texas. (CR 1). After the Justice of the Peace ruled in favor of the Appellant (CR 36 - 37), LoanCare appealed the case to the Constitutional County Court of Shelby County. (CR 38 - 39). Subsequent to LoanCare's (Appellee's) notice of appeal (which Appellant specifically

states in his brief) [Appellant's Brief, page 7], Appellant filed a Petition for Wrongful Foreclosure and Application for Temporary Restraining Order and Injunctive Relief.[1] After a trial de novo, the County Judge ruled in favor of LoanCare. (CR 135 - 138). The Pattons appealed that judgment to this Court of Appeals. (CR 139).

In several issues on appeal, Appellant contends that the evidence is legally insufficient to support the judgment; specifically, that the trial court erred in denying the Motion to Abate and/or Consolidate, and the trial court erred in granting judgment in favor of Appellee because the evidence presented by Appellee with regard to the underlying account activity was based on hearsay. Appellant also alleges that the evidence was insufficient to support the judgment.

## ISSUES PRESENTED

### *Issue No. 1:*

*Whether the Court of Appeals should consider any evidence that is outside the Appellate Record; specifically, Appendix A; the Petition attached to the Appellant's Brief, Exhibit A (Warranty Deed with Vendor's Lien and Resolution of J.M. Bird Management L.L.C.), and Exhibit B; (Deed of Trust) attached to Appellant's Brief.*

---

[1]If the s filed an Answer in the County Court, it is not contained in the Clerk's record. The s never went forward on the pursuit of any injunctive relief in the District Court.

***Issue No. 2:***

***Whether it was proper for the county court to deny Appellant's Motion to Abate/Continue or, In The Alternative, To Consolidate [hereafter, Motion].  (CR 130 - 134.)[2]***

***Issue No. 3:***

***Whether the Appellate Court should uphold the trial court's judgment against the Appellant because the evidence presented by Appellee was based on hearsay (according to Appellant).***

***Issue No. 4:***

***Whether there was sufficient evidence to support the trial court's judgment.***

## STATEMENT OF FACTS:

In 2009, the Pattons entered into a loan agreement that was secured by a deed of trust granting a first lien on real property. After the Pattons defaulted on the loan and failed to cure the default, the Property was sold to LoanCare at a nonjudicial foreclosure sale conducted by a substitute trustee on October 1, 2013.  (CR 2 - 5).

A substitute trustee's deed conveying legal title to the Property to LoanCare was recorded in the county records. (CR 2 - 5).  LoanCare  then sent written notice to

[2]Notice of Foreclosure Sale

the Pattons instructing them to vacate the Property on October 17, 2013 (CR 58 - 69). (CR 25 - 29). After the Pattons refused to vacate, LoanCare brought a forcible-detainer action in justice court. (CR 30 - 32). The Pattons prevailed in Justice Court. LoanCare appealed the Justice Court's ruling by filing for a Trial De Novo in the Constitutional County Court of Shelby County, Texas. (CR 38 - 39).

In response, the Pattons filed Motion to Abate/Continue or, In The Alternative, To Consolidate [hereafter, Motion]. (CR 130 - 134.) The Motion asserted that the "foreclosure proceedings upon which LoanCare relies for the relief requested ... are fatally flawed." (CR 130 - 134). The Pattons in their Motion advised the County Court that they had filed an Original Petition against LoanCare in District Court in Cause No. 14CV32731 seeking to set aside the foreclosure sale. In the Motion, the Pattons requested that the County Court court abate the eviction proceeding pending resolution of the district court suit or, in the alternative, consolidate the eviction suit of LoanCare with the case filed in district court. (CR 133). The County Court denied Appellant's Motion and after a trial to the court, granted possession of the property to LoanCare. However, the Pattons have continued to reside in the home located on the property to date. This appeal followed.

## SUMMARY OF THE ARGUMENT

Appellant improperly attached exhibits to its brief which are outside the record

and, therefore, should not be considered. (Appellant's Brief Appendix A, Exhibit A and Exhibit B). Appellant's challenge to the trial court's jurisdiction based on their assertion that another superior court had acquired jurisdiction of the issues in controversy lacks merit. In an eviction proceeding, the only issue to be decided is the right to actual possession of the property; and the merits of the title are not to be adjudicated.

Appellant's complaint about the admission of hearsay is not supported by the record because the Appellant did not include the Court Reporter's Record. Likewise, the argument that the judgment was not supported by the evidence also fails because without the court reporter's record, this Court indulges every reasonable presumption in favor of the findings and judgment of the trial court.

## ARGUMENT & AUTHORITIES

*Issue No.1*: *Appellant's inclusion and attachment of exhibits to brief are outside the appellate record and should be disregarded:*

Before addressing the merits of any of the issues specifically raised by Appellant, Appellee objects to the improperly attached documents as exhibits to Appellant's brief which are not part of the appellate record; specifically, the attachments entitled **Appendix A (Plaintiff's First Amended Original Petition for Wrongful Foreclosure and Application for Temporary Restraining Order and**

**Injunctive Relief); Exhibit A (Warranty Deed With Vendor's Lien); Exhibit B (Deed of Trust).**

It is well established that documents attached to an appellate brief which are not part of the record may generally not be considered by the appellate court. See *Warriner v. Warriner*, 394 S.W.3d 240, 254 (Tex.App.-El Paso 2012, no pet.) (holding that documents attached to a brief as an exhibit or an appendix, but not appearing in the record, cannot be considered on appellate review); *Fox v. Wordy*, 234 S.W.3d 30, 33 (Tex. App.-El Paso 2007, pet. dism'd w.o.j.) (refusing to consider affidavit attached to brief because it was not part of the appellate record); *WorldPeace v. Commission for Lawyer Discipline*, 183 S.W.3d 451, 465 n. 23 (Tex. App.-Houston [14th Dist.] 2005, pet. denied) ("we cannot consider documents attached as appendices to briefs and must consider a case based solely upon the record filed"); *Siefkas v. Siefkas*, 902 S.W.2d 72, 74 (Tex. App. - El Paso 1995, no writ) (holding that appellate court may not consider matters outside appellate record). The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. Tex. R. App. P. 34.1. The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered. *Fox*, 234 S.W.3d at 33; *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App. - Houston [14th Dist.] 2002, no pet.); *Perry v. Kroger Stores, Store No.*

*119*, 741 S.W.2d 533, 534 (Tex. App.-Dallas 1987, no writ). Accordingly, Appellee requests that this court not consider any documents attached to Appellant's brief which are not part of the appellate record; specifically, said documents referenced above.

### *Issue No. 2:*

***Whether it was proper for the court to deny Appellants Motion to Abate/Continue or, In The Alternative, To Consolidate (CR 130-134).***

The trial court did not err in granting judgment to Appellee. Another court did not have exclusive jurisdiction of the issue in controversy; namely, the party entitled to possession of the property. The county court's continued consideration of the case was proper.

Appellant's challenge to the trial court's jurisdiction because, according to Appellant another "superior court" had acquired jurisdiction of the issues in controversy lacks merit.

In this eviction case, Appellant claims the trial court lacked jurisdiction because Appellants filed a suit in district court. According to Appellant, the County Court of Shelby County (hereafter county court) should have transferred its proceedings to the district court because "another superior cause of action existed in the District Court of Shelby County." (CR 133).

Appellant cites a rule that "the long standing common law rule in Texas is that the first court to acquire jurisdiction over the subject matter and the parties of a controversy has dominant jurisdiction over all other courts." Appellant cites *San Miguel v. Bellows*, 35 S.W.3d 702, 704 (Tex. App.-Corpus Christi, 2000, pet. denied) to support this proposition. In *San Miguel v. Bellows*, one of the litigants filed in a district court in Harris County and the other litigant was subsequently filed in Live Oak County. The court upheld the long standing common law rule that the first court to acquire jurisdiction (Harris County) had jurisdiction. In the present case, the Appellee filed its appeal (from Justice Court) in the County Court on March 4, 2014, (CR 38 - 39) and after the perfection of the appeal to the county court, Appellants filed their Petition in the district court in Shelby County. (Appellant's Brief, page 7). The present case can be distinguished from the *San Miguel* case, and is not on point.

The case cited by Appellant and the present case, according to Appellant's argument that the first court to acquire jurisdiction over the subject matter and the parties, has dominant jurisdiction; the county court acquired jurisdiction when LoanCare perfected its appeal on March 4, 2014 (CR 38). Appellant did not file its petition in district court until after the appeal to county court was perfected by Appellant's own admission. (Appellant's Brief, page 7). So Appellant's argument fails by his own recitation of the facts.

Appellant's second argument that the district court has dominant jurisdiction over the present case is based on the premise that the district court "governs all of the interests and rights of the parties in the real property located at 6166 FM 2026, Tenaha, Texas" and that the "claims are compulsory counter claims of each other." (Appellant's Brief, page 11).

The present case is an eviction suit also known as a forcible detainer suit. In an eviction proceeding, "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." *Elwell v. Countrywide Home Loans, Inc.* 267 S.W.3d 566, 568 (Tex. App. Dallas, 2008, pet. Dism'd w.o.j.). To prevail it is unnecessary for the plaintiff to prove title to the property; plaintiffs are only required to present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Elwell* at 568 citing *Rice v. Pinney*, 51 S.W.3d 05, 708 (Tex. App.- Dallas 2001, no pet.) It is cumulative-not exclusive-of other remedies that a party may have in the courts of this state. *Bruce v. Fed. Nat'l Mortg. Ass'n*, 352 S.W.3d 891, 893 (Tex. App. - Dallas 2011, pet. denied). A party may bring a separate lawsuit in the district court to determine a title dispute. *Id*. To prevail in a forcible detainer action [eviction], a plaintiff is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App. - Dallas 2001, no pet.).

Here, LoanCare established (1) it bought the property by virtue of a substitute trustee deed after the foreclosure sale (CR 77 - 87)[2] (CR 93 - 103)[3] (2) Appellant became a tenant at sufferance when the property was sold at foreclosure sale. (One holding over after a judgment divesting him of title to realty is a tenant at sufferance of the prevailing party) Tex. Civ. Prac. & Rem Code Ann. §16.021. *See Steed v. Barefield* ,348 S.W.2d ( Tex. Civ. App. - Eastland, 1961, writ ref.'d n.r.e.) (3) LoanCare gave proper notice to Appellants requiring them to vacate the premises (CR 25 - 29) (CR 58 - 68) and (4) Appellants refused to vacate the premises. *See* Tex. Prop. Code Ann. § 24.002 (West 2000); *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568 (Tex. App.-Dallas 2008, pet. dism'd w.o.j.). These facts are supported by the record..

Despite Appellants's claims to the contrary, it was not necessary for the trial court to determine whether the foreclosure was valid before awarding possession to LoanCare. In *Shutter v. Wells Fargo Bank*, 318 S.W.3d 467, 471 (Tex. Civ. App. - Dallas, 2010 pet. dism'd w.o.j.) the court concluded that the trial court had subject matter jurisdiction in that case and overruled the Appellant who asserted the basically the same argument as the Appellant in the present case. In *Shutter* Appellant defaulted

---

[2]Notice of Foreclosure Sale

[3]Foreclosure Sale Deed, Affidavit of Trustee and Foreclosure Attendance Registration and Transcript

on the note and the property was sold at a nonjudicial foreclosure sale at which Well Fargo Bank was the high bidder. Wells Fargo sent Appellant notice demanding Appellant vacate the property. When Appellant did not do so, Wells Fargo filed a forcible detainer proceeding in the justice court. The case was ultimately appealed to the county court. A plea in abatement was filed by the Appellant in that case and the court held that the evidence was sufficient to establish appellee, Wells Fargo's immediate possession of the property. The court further stated, "Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible detainer action. Those defects may be pursued in suits for wrongful foreclosure or to set aside the substitute trustee's deed, but they are not relevant in this forcible detainer action." *Id.* at 471.

In the present case, Appellant contends in two related issues that the district court suit challenging the foreclosure sale deprived the county court of jurisdiction to decide the forcible-detainer action. Jurisdiction over forcible-detainer suits is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. See *id*. § 24.004(a); Tex. R. Civ. P. 510.10(c). Neither the justice court nor the county court on appeal has jurisdiction to resolve issues of title to real property in a forcible-detainer suit. *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.-San Antonio 2001, pet.

dism'd w.o.j.). Instead, challenges to title or to the foreclosure process must be pursued, if at all, in a separate suit. See *Schlichting v. Lehman Bros. Bank FSB,* 346 S.W.3d 196, 199 (Tex. App.-Dallas 2011, pet. dism'd). In addition, in most disputes, the suit to determine title may proceed concurrently with the forcible-detainer action. *Rice*, 51 S.W.3d at 709; see *Jaimes v. Federal Nat'l Mortg. Ass'n,* No. 03–13–00290–CV, 2013 WL 7809741, at *2–3 (Tex. App.-Austin Dec.4, 2013, no pet.) (mem.op).

The forcible-detainer action was created by the legislature as a speedy, simple, and inexpensive procedure for obtaining immediate possession of property when there is no unlawful entry. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926 (Tex. App.-Dallas 2010, no pet.); see Tex. Prop. Code § 24.002. To prevail in the action, "a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.-Dallas 2001, no pet.); see Tex.R. Civ. P. 510.3(e) ("The court must adjudicate the right to actual possession [in eviction cases] and not title."). The statutory remedy of forcible detainer will lie when a person in possession of real property refuses to surrender possession if the person is a tenant at will or by sufferance. Tex. Prop. Code § 24.002(a).

***Issue No. 3:***

***Should the Appellate Court uphold the trial court's judgment against the defendant because the evidence presented by Appellee was based on hearsay (according to Appellant)?***

The court properly admitted testimony of LoanCare's witness. Appellant contends that the trial court erred in granting judgment in favor of Appellee because the evidence presented by Appellee with regard to the underlying account activity was based on hearsay. Appellant does not get to advance any argument that cannot be supported (or refuted) by the record. Appellant chose <u>not</u> to order the court reporter's transcript of the trial. Without the transcript, this court cannot and should not make a determination regarding testimony offered at the trial.

Additionally, when the Court of Appeals has no reporter's record of the hearing held on the matter, the Court indulges every reasonable presumption in favor of the findings and judgment of the trial court. *Aguilar v. 21st Century Resources, Inc.* 349 S.W.3d 32 (Tex. App.–El Paso, 2010, no writ).

Additionally, Appellee's Affidavit for Admission of Business Records filed in this case with notice to Appellant on May 28, 2014 were filed timely filed. (CR 40 -

53) and (CR 54 - 104). [4]

### *Issue No. 4: Was there sufficient evidence to support the trial court's judgment?*

The evidence was sufficient to render a verdict for LoanCare. Although the Appellant did not specifically set out sufficiency of the evidence as a separate issue on appeal, Appellant has included a sufficiency of the evidence argument in Appellant's Brief (Appellant's Brief - page 9) so Appellee will address the argument made by Appellant.

In addition to the fact that where there is no court reporter's record, and the Court indulges every reasonable presumption in favor of the findings and judgment of the trial court, *Id.* the Appellee should prevail. Appellant's brief recites that the court of appeals ... have the ability but the duty to review a ***properly-presented*** challenge to the factual sufficiency of the evidence. In the present case, without a court reporter's record, there is no way for this court to determine the sufficiency of the evidence.

When an appellant brings a legal or factual sufficiency of the evidence challenge, it is the burden to show there was insufficient evidence submitted at trial.

---

[4]The Trial was held on June 11, 2014 (CR 135). Texas Rules of Evidence 902(10) requires notice of filing of business records and the filing of business records to be completed at least 14 days prior to the trial of the case. Tex. R. Evid. 902(10).

*Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex.1991). When there is no reporter's record, the courts of appeal presume the evidence presented was sufficient to support the trial court's judgment. *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.-Dallas 2006, pet. denied). In the absence of a reporter's record Appellant cannot meet its burden of showing insufficiency of the evidence to support the trial court's judgment for Appellee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee prays that the judgment of the trial court be upheld and for such other relief that it may be entitled.

Respectfully submitted,

/s/ *Cornelia A. Hartman*
Cornelia A. Hartman
State Bar No. 09159850
123 San Augustine St.
Center, Texas 75935
Tel: (936) 598-3999
Fax: (936) 598-3031
ATTORNEY FOR APPELLEE

## CERTIFICATE OF SERVICE

This is to certify that on February 12, 2015, a true and correct copy of the above and foregoing document was served on the Keith Stanley, Attorney for Appellant, via facsimile to 936-598-9155.

/s/ *Cornelia A. Hartman*
Cornelia A. Hartman

## <u>CERTIFICATE OF WORD COUNT</u>

I hereby certify that the foregoing document contains 3864 words, according to the word count of the computer program used to prepare it, in compliance with Rule 9.4(I)(2).

/s/*Cornelia A. Hartman*

Cornelia A. Hartman